UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARACELI DIAZ HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV4:20-139 |
| ) | |
| THE SAVANNAH CHATHAM ) | |
| COUNTY PUBLIC SCHOOL ) | |
| DISTRICT (SCCPSS), NEW ) | |
| HAMPSTEAD HIGH SCHOOL ) | |
| (NHHS), M. ANN LEVETT, ED. D., ) | |
| TAWN FOLTZ, GARRY JACOBS, ) | |
| MARIA NESSEN, RICHARD ) | |
| WOODS, and DR. JOE BUCK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are a plethora of motions. Plaintiff has filed two motions for an extension of the deadline to effect service upon defendant Maria Nessen, doc. 10; doc. 13, four submission generally titled "Motion," docs. 18–21, and two titled simply "Amendment," docs. 22 & 23. Defendants have filed motions to strike plaintiff's general motions and amendments, which the Court construes as motions for leave to amend. Doc. 27 & 28. For the following reasons, plaintiff's motions to extend the service deadline, doc. 10; doc. 13, and defendants' motion to strike

plaintiff's proposed amendments, doc. 27, are **DENIED**. Plaintiff's motions for leave to amend, doc. 22; doc. 23, and defendants' motion to strike docket entries 18, 19, 20 and 21, doc. 28, are **GRANTED**.

The Federal Rules of Civil Procedure require a plaintiff to serve all defendants within 90 days for filing the complaint. Fed R. Civ. P. 4(m). The Court is obligated to extend this deadline upon a showing of good cause for the failure to serve. *Id.* "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Demsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (*quoting Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

This case was filed on June 23, 2020, after which plaintiff apparently made no effort to effect service before the September 21, 2020, service deadline. It was only after the Court prompted action on October 14, 2020, doc. 4, that summons were issued for some of the defendants, doc. 6, and plaintiff attempted service, doc. 9. On November 6, 2020, plaintiff attempted to serve Nessen through the local sheriff but was unsuccessful as the defendant no longer worked at the address provided. Doc. 9-1 at 9. Twenty-four days later, on November 30, 2020, plaintiff filed her first

request for an extension of the deadline to serve Nessen—ten days after the Court's previously extended deadline. Doc 10.

In support of her motion, plaintiff alleges that a family member contracted COVID-19 and that the lasting impact of the disease and need to quarantine have prevented her from obtaining counsel. Doc. 10 at 1. This is not sufficient to demonstrate good cause. Plaintiff has had more than seven months to locate Nessen. She apparently made no effort to locate or serve any of the parties prior to the Court ordering her to do so nearly four months after filing. Even after the Court's order, plaintiff did not request additional time until more than two weeks after the extension had expired. As such, the motions for extension of time to serve Nessen are **DENIED**. Doc. 10 & 13.

Defendants Savannah-Chatham County Public School District, New Hampstead High School, and Nessen's move to strike plaintiff's amended complaints. Doc. 27. Plaintiff's proposed amendment seeks to correct the name of defendant "The Savannah Chatham County Public School District" to "The Board of Public Education for the City of Savannah and the County of Chatham." Doc. 22 at 1; doc. 23 at 1. Defendants' assert that the amended complaints should be dismissed as plaintiff did not seek

and was not granted leave to file an amendment and that granting the amendment would not cure the alleged service defect. Doc. 27 at 3–5.

Though titled "Amendment," the Court construes the filings, which are substantively identical, as motions for leave to amend.[1] *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)). Under the Federal Rules, leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants have previously conceded that the proper party name is "Board of Public Education for the City of Savannah and the County of Chatham." Doc. 11 at 1. The Court can discern no injury that defendants would suffer as it is apparent that the correct party is already on notice of the claims.[2] Furthermore, the

---

[1] The Clerk of Court is **DIRECTED** to correct to docket to reflect these filings as motions for leave to file an amended complaint. Doc. 22; doc. 23.

[2] Arguments of "namesmanship" are not (and have never been) appreciated by the Court. *See e.g., Kean v. Bd. of Trs. Of the Three Rivers Regional Library Sys.*, 321 F.R.D. 448, 451 (S.D. Ga. 2017) ("This Court does not cotton to 'namesmanship.'"); *see also Higgins v. The City of Savannah, Georgia*, CV4:17-257, doc. 34 at 4 (S.D. Ga. Apr. 27, 2018) ("Even if the Court is not (and never has been) convinced by the City's "namesmanship" argument, it is not patently frivolous."). Such semantic digressions are like legal mosquitoes, serving no purpose beyond a minor annoyance.

deadline for amendment under the Court's Scheduling Order has not passed. Doc. 26. Therefore, Plaintiff's motion for leave to amend is **GRANTED**, doc. 22; doc. 23, and defendants' motion to strike is **DENIED**, doc. 27. The Clerk of Court is **DIRECTED** to update the docket to change "The Savannah Chatham County Public School District" to "The Board of Public Education for the City of Savannah and the County of Chatham."[3]

Defendants Levett, Foltz, Jacobs, and Buck have moved to strike the four motions filed by plaintiff—docket entries 18, 19, 20 and 21. Doc. 28. Though each of these filings has the generic title of "Motion," plaintiff's intention is not clear. The four motions, which are largely redundant of one another, include a hodgepodge of unsolicited responses, factual assertions, and unripe requests to amend a then-nonexistent discovery schedule. Docs. 18–21; doc. 26. Documents 18 and 19 reiterate plaintiff's desire to correct the name of defendant Savannah Chatham County Public

---

[3] Subsequent to defendants' motion to strike, plaintiff filed another document titled "Amendment" in which she "request[s] to be given an opportunity to correct the errors [in] the original lawsuit." Doc. 29. The only error identified is the imprecise name of the Board of Public Education for the City of Savannah and the County of Chatham. *Id*. As with her earlier "Amendments," the Court will construe the filing as a motion seeking leave to amend. The motion is **DENIED** as duplicative of her earlier motions seeking the same correction.

School District, doc. 18 at 1; doc. 19 at 1. Documents 20 and 21 contain an ambiguous reference to a service copy of defendants' Answer. Doc. 21 at 1; doc. 22 at 1. It is unclear if plaintiff is requesting a copy of Defendants' Answer, as she has included the cover page for the Answer as an exhibit to her filing. Doc. 20 at 10; doc. 21 at 10.

Furthermore, it is questionable if plaintiff has signed the "motions." Though she is not represented by counsel in this matter, each of the motions includes the name and contact information for Anna M. Harris. *See, e.g.*, doc. 18 at 8–9. Plaintiff's signature only appears on the final page, after what resembles a certificate of service. *See, e.g.*, doc. 18 at 9. Harris' statement suggests that she assisted in the preparation of the filings after reviewing witness statements, medical records, and other documents. *See, e.g.*, doc. 18 at 9. This straddles the line between the permissible assistance in composing plaintiff's filings and the impermissible unauthorized practice of law. Plaintiff and Harris are cautioned that a party may appear either through counsel or *pro se* (representing themselves) before the federal court, but may not be represented by a non-attorney. 28 U.S.C. § 1654; S.D. Ga. L.R. 83.5(c) ("Any person who is not admitted to the bar of this Court . . . and who

exercises in this Court any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to appropriate punishment."). As such, though plaintiff is not precluded from having a non-attorney assist in the typing or organizing her filings, only she or counsel my sign the document or submit it to the Court. Therefore, as plaintiff's motions, to the extent that they can be categorized as motions, are redundant of other filings, seek relief that is premature, and do not appear to be properly executed, defendants' motion to strike is **GRANTED**. Doc. 28.

Defendants have two pending dispositive motions in this case—a motion to dismiss for improper service, doc. 11, and a motion for judgment on the pleadings, doc. 15. Plaintiff has not filed a response to either. As her "motions" are dated within the response period for defendant's motion for judgment on the pleadings, it is possible that she intended it to be responsive to one or both dispositive motions.[4] Recognizing her *pro se*

---

[4] Plaintiff is warned that the relevant date for complying with deadlines is the date of receipt by the Court, not the date of signature. Fed. R. Civ. P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering it to the clerk"); s*ee also Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk," and any papers which "arriv[e] after a deadline are untimely even if mailed before the deadline." (internal quotations and citations omitted)).

status, the Court will permit plaintiff a single opportunity to clearly respond to the pending dispositive motions.

Plaintiff is, therefore, **DIRECTED** to file two documents within 14 days of this Order. The first should be titled "Plaintiff's Response to Defendant's Motion to Dismiss for Improper Service (Doc. 11)." The second should be titled "Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings (Doc. 15)." Both should be limited in their content to **only** respond to the arguments raised in their corresponding motions.[5] It should be clear to which argument plaintiff is responding.[6] The only exhibits that should be included are those cited to in the response.[7] If plaintiff believes that any defect raised by defendants may

---

[5] For example, in responding to defendants' allegations that service was improper, plaintiff should provide details and evidence relating to service of process, including proof of service as required by Federal Rule of Civil Procedure 4(l). The response should not address the underlying merits of the claim, unless they are directly relevant to the issue of service.

[6] For example, the substantive arguments raised in defendants' Motion for Judgment on the Pleadings are divided into three statutory claims and two constitutional claims. Doc. 15. Plaintiff's response should address each of these points but raise no additional arguments. References to the defendants' motions should cite to the page number where the reference appears.

[7] Plaintiff has demonstrated a pattern of filing the same document multiple times with voluminous, unmarked exhibits. *Compare* doc. 20 (motion supported by 14 pages of exhibits) *with* doc. 21 (identical motion supported by 15 pages of largely different exhibits). This will not be tolerated going forward. All future filing should include only those exhibits and attachments that are relevant to the arguments raised. The exhibits and attachments should be delineated and marked with the title "Exhibit #."

be cured through an amendment of her claim, she may file a motion seeking leave to file such.  Plaintiff is cautioned that failure to file timely responses will be considered as an indication that she does not object to defendants' motions.  S.D. Ga. L.R. 7.5.

**SO ORDERED**, this 28th day of January, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

The text of the filing should clearly refer to the specific exhibit title when relevant.