# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ARACELI DIAZ HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-139 |
| | ) | |
| THE BOARD OF PUBLIC | ) | |
| EDUCATION FOR THE CITY OF | ) | |
| SAVANNAH AND THE COUNTY | ) | |
| OF CHATHAM, | ) | |
| NEW HAMPSTEAD HIGH | ) | |
| SCHOOL (NHHS), | ) | |
| M. ANN LEVETT, ED. D., | ) | |
| TAWN FOLTZ, GARRY JACOBS, | ) | |
| MARIA NESSEN, | ) | |
| RICHARD WOODS, and | ) | |
| DR. JOE BUCK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are defendants Nessen, New Hampstead High School (NHHS), and the Board of Public Education for the City of Savannah and the County of Chatham's (School Board) motion to dismiss for improper of service.  Doc. 11.  Also before the Court is defendants Buck, Foltz, Jacobs, and Levett's motion for judgment on the pleadings.  Doc. 15.  For the following reasons, these motions should be **GRANTED**.

As the remaining defendants—Woods and the Georgia Department of Education (GDOE)—have not been properly served, the claims against them should also be **DISMISSED**.  Alternatively, as plaintiff's complaint and amended complaint amount to shotgun pleadings, they should be **DISMISSED**.

## I.    Procedural History

During the relatively short existence of this case, plaintiff has filed a multitude of motions, notices, and amendments.  These filings are frequently accompanied by voluminous exhibits devoid of any context as to why they are provided.  Many are redundant or introduce new facts or allegations that leave the Court, and presumably the defendants, in search of plaintiff's intentions and requested relief.  In order to navigate the morass of the docket and to dispose of the defendants' dispositive motions, a recitation of the procedural history of this case is needed.

Plaintiff filed this case on June 23, 2020, alleging federal and state law violations related to her employment as a Spanish teacher at NHHS.  *See generally*, doc. 1.  Prior to filing her case, the claim was submitted to the United States Equal Employment Opportunity Commission (EEOC).  Doc. 1-3 at 2.  The EEOC dismissed the claim and issued a right-to-sue

letter on September 24, 2019. *Id*. at 3. Plaintiff alleges that she did not receive the right-to-sue letter when it was originally issued and that she first learned of the dismissal on March 26, 2020, when she requested a copy of the letter. *Id*. at 6. The record does not indicate that plaintiff filed her state law claims with the Equal Employment Division of the Georgia Commission on Equal Opportunity.

After filing, the complaint remained dormant until October 14, 2020, when the Court ordered plaintiff to either serve all defendants or to show cause as to why the complaint should not be dismissed for failure to prosecute. Doc. 4. There is no evidence that plaintiff took any affirmative steps to prosecute her claims during the nearly four months between filing and the Court's Order. In response to the Order, on November 5, 2020, plaintiff filed an amended complaint and obtained summonses for defendants Buck, Foltz, Jacobs, Levett, Nessen, and Woods. Doc. 5; doc. 6. Summonses were not issued for the School Board,[1]

---

[1] The Board of Public Education for the City of Savannah and the County of Chatham was originally named as "Savannah Chatham County Public School District" in plaintiff's pleadings. *See* doc. 1. The name was subsequently corrected via amendment. Doc. 31 at 4–5.

NHHS, or the GDOE at that time.  Answers were filed by Buck, Foltz, Jacobs, and Levett.  Doc. 7; doc. 8.

On November 30, 2021, plaintiff notified the Court that service on Nessen was still pending and provided proof of service for the remaining defendants for whom summonses were issued.[2]  Doc. 9; doc. 9–1. Following the failure of personal service, plaintiff attempted to serve Nessen via mail. Doc. 45.  She also filed a motion for an extension of the service deadline.  Doc. 10.  As the Court had already *sua sponte* extended the deadline once, the request was untimely, and plaintiff was not diligent in her efforts to serve defendants during the 90 days after the complaint was filed, the motion was denied.  Doc. 31.  On December 1, 2020, Nessen, NHHS, and the school board filed a joint motion to dismiss for improper service.  Doc. 11.  Two weeks later, defendants Buck, Foltz, Jacobs, and Levett filed a motion for judgment on the pleadings.  Doc. 15.

In the two months following the filing of defendants' motion to

---

[2] The proofs reflect that she had attempted to serve Wood via Federal Express and the other defendants personally through a sheriff's deputy.  Doc. 9-1 at 1–9.  The sheriff's deputy successfully served Buck and Levett but succeeded only in leaving the complaint and summons directed at Foltz and Jacobs with an employee of NHHS. *Id*. at 1–8.  The deputy was unable to serve Nessen, who no longer worked at NHHS. *Id*. at 9.  The Court makes no determination as to the sufficiency of service on these defendants at this time.

dismiss, plaintiff made more than two dozen filings in this case. Many of which were redundant or transparently frivolous. *Compare*, *e.g.*, doc. 20 (motion requesting service copy of Foltz and Jacobs' answer, submitting a "chain of events," requesting an extension of a then non-existent discovery deadline, and answering the opposing parties' correspondence) *with* doc. 21 (same). The Court attributes the superfluous and confusing character of these filings to plaintiff's *pro se* status and lack of familiarity with the procedures of civil litigation; however, the excessive volume and repetition verge upon plaintiff becoming a vexatious litigant.

Among plaintiff's filings were apparent efforts to cure the defects in service identified in defendants' motion to dismiss. One motion sought to amend earlier summonses that were addressed to individual defendants to instead provide notice to the Georgia Department of Education and the School Board. Doc. 33. Plaintiff subsequently sought to voluntarily dismiss Buck, Woods, and NHHS. Doc. 35; doc. 38; doc. 40. Other motions sought to amend the complaint to add the Department of Education and School Board as defendants, though both were listed as parties in earlier filings. Doc. 39; doc. 41.

## II.    Improper Service

### A. Motion to Dismiss

The School Board, NHHS, and Nessen seek dismissal of the claims against them, alleging that they have not been timely served.  Doc. 11. The Court cannot exercise personal jurisdiction over a defendant until it has been served pursuant to the Federal Rules of Civil Procedure.  *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").   Plaintiff is responsible for serving all defendants with a summons and copy of the complaint within 90 days of filing.  Fed. R. Civ. P. 4(c), (d), & (m).

Following the Court's October 14, 2020, Order directing plaintiff to serve all defendants, no summons was issued for either the School Board or NHHS.  *See* doc. 6.  No summons has ever been issued for NHHS and the only proof of service filed by plaintiff seems to relate to a motion for an extension of time.  Doc. 43 at 1–2.  Plaintiff has filed a motion for its

voluntary dismissal. Doc. 38. As plaintiff has failed to effectuate service, dismissal of NHHS is appropriate.

Though it does not appear that a summons has been issued for the School Board, plaintiff did submit a request on January 21, 2021—69 days after the Court's extended deadline for service and 212 days after the complaint was originally filed. Doc. 30 at 1–2. It is not clear from the docket why the Clerk of Court did not issue the requested summons. Despite the lack of summons, Plaintiff filed a certificate indicating that service was completed via mail on February 4, 2021. Doc. 57. She had previously filed a motion seeking to amend or correct her earlier summons addressed to and served upon Buck to cover the School Board. Doc. 33.

Plaintiff's efforts to serve the School Board are inadequate under the Federal Rules of Civil Procedure. She failed to make any attempt at service during the 90-days provided by the rules. Fed. R. Civ. P. 4(m). Despite good cause not being given, the Court *sua sponte* extended the service window, during which time plaintiff again failed to serve the School Board. It was not until more than two months after the already extended service deadline that plaintiff requested a summons naming

the School Board.  Though the failure of the Clerk of Court to issue the requested summons might constitute good cause to extend the deadline for service, plaintiff's lack of diligence in the case, including submitting summons well after the service deadline, and a prior extension having already been given mitigate against permitting any further opportunities.

Plaintiff's attempt to cure the untimeliness of service by seeking to amend a summons addressed to and served upon Buck in his individual capacity so that it might be deemed to have been addressed to the School Board also fails.  Doc. 33 at 1; doc. 51 at 3–4.  The Court may permit amendment of a summons.  Fed. R. Civ. P. 4(a)(2).  Such amendment is appropriate where the defect in the original summons pertained to form, rather than substance, and "the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action."  Charles A. Wright, Arthur R. Miller, & Adam N. Steinman, *Federal Practice & Procedure Civil* 4th § 1131, at 220–21 (West 2015).  Plaintiff's proposed amendment ventures well beyond a correction of form.  The original service provided notice to Buck that he was a defendant in this case, it did nothing for the School Board.

*Cf. Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (Rule 4 "is a flexible rule that should be liberally construed *so long as a party receives sufficient notice of the complaint*." (emphasis added)). Plaintiff cannot now seek to repurpose that notice to salvage her claim. Therefore, the motion to amend the summons is **DENIED**.  Doc. 33.

Even if plaintiff's amendment was granted, Buck cannot accept service on behalf of the School Board.  When serving an instrumentality of state or local government, service must be made by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  Georgia law prescribes that public bodies or organizations must be served through their "chief executive officer or clerk."  O.C.G.A. § 9-11-4(e)(5).  The local school superintendent is the executive officer of the School Board.  O.C.G.A. § 10-2-109.  Buck is not the superintendent of schools, he is the School Board's President.[3]  *See* doc. 5 at 3.  As such,

---

[3] Plaintiff did serve the Superintendent of the Savannah-Chatham County Public School System, Levett.  Doc. 9-1 at 6.  Plaintiff has not suggested that such service should cover the School Board.  As Levett is a named defendant, served in her individual capacity, any such argument would suffer the same failings as discussed in the context of plaintiff's motion to amend her summons. *See supra* p. 6–8.

he cannot receive service on the School Board's behalf.

Plaintiff's later attempts to serve the School Board are also inadequate. Beyond being very untimely, plaintiff did not comply with the required methods of service. The certificate of service indicates that plaintiff attempted to serve her complaint by mailing it to the school board's address. *See* doc. 57 at 1. Neither the Federal Rules of Civil Procedure nor Georgia law permits service upon a government body, or an individual, by mail. *See* Fed. R. Civ. P. 4(e)(1) & (j)(2); O.C.G.A. § 9-11-4(e). Furthermore, as noted above, service must be directed to the local superintendent of schools. Fed. R. Civ. P. 4(j)(2); O.C.G.A. § 9-11-4(e)(5). As plaintiff has failed to effectuate service on the School Board, dismissal is appropriate.

Plaintiff has not yet served Nessen. An individual defendant must be served with a copy of the complaint and summons personally, by leaving the documents with a person of suitable age at the defendant's home, or by leaving the documents with an authorized agent. Fed. R. Civ. P. 4(e)(1)–(2); O.C.G.A. § 9-11-4(e)(7). Plaintiff's first effort to serve Nessen was on November 5, 2021, when a sheriff's deputy unsuccessfully tried to effect service at NHHS, where she no longer worked. Doc. 9-1 at

9. On the same day, she also mailed a copy of her amended complaint to Nessen via U.S. mail. Doc. 42 at 1. After the deadline established by the Court, plaintiff filed two identical motions for an extension of time to serve Nessen. Doc. 10; doc. 13. These motions were denied by the Court. Doc. 31 at 3. On February 4, 2021, almost three months after the extended deadline for service established by the Court, plaintiff sent a request for waiver of service to Nessen's counsel. Doc. 42 at 4.

Plaintiff's attempt at personal service failed as the sheriff's deputy was unable to provide the summons and complaint to Nessen. The contemporaneous attempt to serve my mail was also insufficient. *Cooley v. Ocwen Loan Servicing, LLC.*, 729 F. App'x 677, 682 (11th Cir. 2018) ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail." (citing § 9–11–4(e)(7))); *see also Jolly v. Donovan*, 2011 WL 6400306 (S.D. Ga. Dec. 19, 2011) ("[I]t is clear that sending a complaint and summons by registered or certified mail, without more, does not constitute proper service on an individual." (citing O.C.G.A. § 9–11–4.)). Furthermore, plaintiff's extremely delayed effort to obtain a waiver of her service obligations from Nessen's counsel does not correct her initial failure to serve. *Cf.* Fed. R. Civ. P. 4(d)(1)–(2)

(defendants have a duty "to avoid unnecessary expenses" related to service, but waiver is not required). Nessen has affirmed that she will not waive service. Doc. 53. At 3. As more than ten months have passed since the filing of this case without service, dismissal of the claims against Nessen is appropriate.

The Court may grant a party an extension to complete service when good cause is shown. Fed. R. Civ. P. 4(m). Plaintiff contends that good cause exists because she has made good faith efforts to serve the defendants and has been hindered by the impact of the COVID-19 pandemic on her family and physical and psychological impairments resulting from the events underlying her complaint. *See* doc. 51 at 1–3. Ten months is more than adequate time to serve defendants. This is particularly the case where the Court has previously extended the service deadline and ordered that service be completed. Doc. 4. Furthermore, plaintiff's prior efforts to serve other defendants through the local sheriff and other means evidence that, despite any challenges that might exist, compliance with the rules has been possible. As plaintiff has failed to serve the Board of Public Education for the City of Savannah and the County of Chatham, New Hampstead High School, and Maria Nessen in

accordance with Federal Rule of Civil Procedure 4, this Court lacks personal jurisdiction over the defendants.  The motion to dismiss for improper service should be **GRANTED**.

### B. Woods and GDOE

Woods and GDOE should also be dismissed for lack of proper service.  Both were first named as defendants in plaintiff's amended complaint.  Doc. 5 at 5.  Despite being named, no specific allegations are levied against either.  A summons was issued for Woods on November 5, 2020, doc. 6 at 6, which plaintiff attempted to serve via Federal Express, doc. 9-1 at 1.[4]  A summons for GDOE was first submitted to the Court on January 21, 2021, but was never issued.  Doc. 30 at 3.  Plaintiff later sought to amend the summons sent to Woods to include the GDOE.  Doc. 33.  She has also filed a motion to voluntarily dismiss Woods.  Doc. 35.

Neither Woods nor the GDOE was been properly served in this case. It does not appear that a summons was ever served on the GDOE and, as discussed above in the context of the School Board, plaintiff cannot now seek to amend her summons upon Wood to provide *post hoc* notice.  Even

---

[4] The Court notes that the proof of service provided by plaintiff is unsigned.  Doc. 9-1 at 1.

if such amendment were appropriate, the service upon Wood via Federal Express is not permissible under the applicable rules.  *See* Fed. R. Civ. P. 4(e)(1) & (j)(2); O.C.G.A. § 9-11-4(e).  As the deadline for service has expired, the Court should **DISMISS** all claims against Woods and the Georgia Department of Education.

### III.   Motion for Judgment on the Pleadings

Defendants Buck, Foltz, Jacobs, and Levett have filed a motion for judgment on the pleadings.  Doc. 15.  "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Medicomp, Inc. v. United Healthcare Ins. Co.*, 562 F. App'x 754, 756 (11th Cir. 2014) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  The Court is required to accept all alleged facts as true and to draw all inferences in favor of the non-moving party, *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014) (citing *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)); however, it must limit its consideration to only the pleadings: the complaint, the answer, and any documents attached as exhibits.  *See*

*Porter v. City of Savannah, Georgia*, 2006 WL 4468560, at *2 S.D. Ga. Aug. 23, 2016) (noting that extrinsic evidence should only be considered in regard to a 12(b)(6) motion where it does not constitute "matters outside of the pleadings." (citing *SFM Holdings, Ltd. v. Banc of America Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).  Under this standard, the motion should be granted "only when the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, *et seq.*, the ADA Amendments Act (ADAAA), 42 U.S.C. § 13131, *et seq.*, Georgia Fair Employment Practices Act (FEPA), O.C.G.A. § 45-19-20, and various provisions of the United States Constitution.  Doc. 1 at 4–5; doc. 5 at 6–7.  The complaint and amendment do not distinguish between claims brought against individuals and those brought against government entities.  Therefore, the Court can only presume that plaintiff intends to allege each claim against each named defendant.

### A. Federal statutory claims

Plaintiff's claims under the ADA, ADAAA, and Title VII against Buck, Foltz, Jacobs, and Levett should be dismissed as they are not proper defendants.  It is unclear from the pleadings whether plaintiff asserts claims against these defendants in their official capacities, individual capacities, or both.  To the extent that the claims are asserted against the defendants in their official capacities, they are deemed as claims against the School Board.  *See Robinson v. Smith*, 2015 WL 4193269, at *1 (M.D. Ga. July 10, 2015) (holding that "claims against the school officials in their official capacities are deemed claims against the School District."); *see also Jude v. Morrison*, 534 F. Supp. 2d 1365, 1371 (N.D. Ga. 2008) (recognizing that "suing a person in his official capacity is simply an alternative method of suing the governmental entity itself"). For the reasons previously discussed, the claims against the School Board should be dismissed.

Alternatively, any claims against Buck, Foltz, Jacobs, and Levett in their individual capacities, would fail as a matter of law as the ADA, ADAAA, and Title VII do not provide for individual liability.  *See Mazzola*

*v. Davis*, 776 F. App'x 607, 610 (11th Cir. 2019) (recognizing that "[i]t is well established in this circuit that only public entities are liable for violations of Title II of the ADA." (internal quotations omitted)); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[A] Title VII claim may be brought against only the employer and not against an individual employee."). Furthermore, none of these individuals appear to have been named in plaintiff's charge of discrimination before the EEOC. Doc. 1-3 at 2 (naming only NHHS). The Eleventh Circuit has held that a civil suit cannot be brought against a party not named in the prior EEOC charge. *Bell v. Crackin Good Bakers, Inc.*, 777 F.2d 1497, 1504 (11th Cir. 1985). Therefore, plaintiff cannot as a matter of law maintain claims under Title VII, the ADA, or the ADAAA against the Buck, Foltz, Jacobs, and Levett.

### B. State statutory claims

Defendants argue that plaintiff's claims under the Georgia Fair Employment Practices Act should be dismissed for failure to exhaust administrative remedies. The FEPA requires the filing of a written, sworn compliant with the administrator of the Georgia Commission on Equal Opportunity (GCEO). O.C.G.A. §§ 45-19-22(1) & 45-19-36. It is only after the administrative process has been completed that a plaintiff

my file her claim with the courts.  *See Owen v. Pineland Mental Health, Mental Retardation & Substance Abuse Servs.*, 2012 WL 2887007, at *2–3 (S.D. Ga. Jul. 13, 2012).

Plaintiff has not pleaded that her claims under the FEPA were filed with the GCEO.  The only pre-litigation administrative review referenced in the pleadings is submission of her claims against NHHS to the EEOC.  Doc. 1-3 at 2.  Though the EEOC and GCEO have similar purposes and might employ similar processes, one cannot stand in the place of another for purposes of statutory compliance.  *See Pittman v. Bd. of Regents of U. Sys. of Georgia*, 2017 WL 4638598, at *2 (M.D. Ga. Oct. 16, 2017) (dismissing FEPA claim where plaintiff failed to file claims with the GCEO, despite having filed with the EEOC).  Additionally, in this case, it does not appear that the EEOC was presented with or considered claims arising under state law theories.  *See* doc. 1-3 at 2 (identifying only Title VII as the basis of discrimination).

Beyond the technical and procedural faults, plaintiff's claim cannot be maintained because the FEPA, like the federal statutes discussed above, does not provide a cause of action against the individual defendants.  Liability under the FEPA is limited to "public employers"

and "employers," which are defined as:

> any department, board, bureau, commission, authority, or other agency of the state which employs 15 or more employees within the state for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. A person elected to public office in this state is a public employer with respect to persons holding positions or individuals applying for positions which are subject to the state system of personnel administration created by Chapter 20 of this title, including the rules and regulations promulgated by the State Personnel Board or any personnel merit system of any agency or authority of this state. . . .

O.C.G.A. § 45-19-22(5). The wording of the statute also suggests that its application is limited to state-level agencies, entities, and officials. Though the Court is unaware of any case law specifically excluding local government entities from the definition of public employer under the FEPA, the Georgia Supreme Court has found that nearly identical language in other Georgia statutes evidences a legislative intent for such a reading. *See North Georgia Regional Educational Servs. Agency v. Weaver*, 272 GA. 289 (2000) (discussing the use of "department, board, bureau, commission, authority of the state" in state law and finding that "regional educational service agencies are not state agencies and, therefore, are not public employers" under a statute using nearly identical phrasing.").

By the FEPA's terms, the only individuals that can be qualify as proper defendants are elected officials. *Id*. Of the defendants seeking judgment on the pleadings, only Buck, as President of the School Board, meets this criterion. As a local official, he cannot be liable under the statute. Therefore, as the statute does not provide a cause of action against the defendants and plaintiff failed to plead the statutory exhaustion requirement, her claims under the Georgia Fair Employment Practices Act cannot be maintained.

## C. Constitutional claims

Plaintiff has invoked the First and Fourteenth Amendments amongst her listed causes of action. Doc. 5 at 6. Though not expressly framed as such, this assertion amounts to a claim under 42 U.S.C. § 1983, which provides "a vehicle through which an individual may seek redress when [her] federally protected rights have been violated by an individual acting under color of state law." *Dyer v. Atlanta Independent School System*, 426 F.Supp.3d 1350, 1358 (N.D. Ga. 2019) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)). Plaintiff has provided no specific explanation for how these alleged claims manifested, leaving the Court and the defendants in the untenable position of conjuring potential

claims from dozens of pages of disjointed factual recitations. "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). This does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

Little specificity is provided as to the nature of the alleged Constitutional violations. The complaint and amended complaint make general reference to the Fourteenth Amendment's Due Process Clause but offer no theory as to how it was infringed. Doc. 1 at 4; doc. 5 at 7. Defendants suggest that the only allegation approaching a § 1983 claim concerns alleged retaliation by Foltz and Jacobs. Doc. 15 at 14–17. The Court agrees.

A claim of First Amendment retaliation requires a plaintiff to show that "(1) she engaged in constitutionally protected speech, such as her right to petition the government for redress; (2) the defendant's retaliatory conduct adversely affected that protected speech and right to

petition; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019).  If the plaintiff is a public employee, she must also show that the speech was made in her capacity as a private citizen, not in the course of her public employment.

Plaintiff alleges that Foltz threatened to fire her if she spoke of her concerns about potential drug trafficking or provided the names of students she suspected to be involved in illicit activities to a law enforcement officer.  Doc. 1-2 at 3–4.  As it does not appear from the pleadings that plaintiff actually spoke with any law enforcement officer, plaintiff did not engage in any constitutionally protected speech, and Foltz's discouragement did not amount to a retaliatory act.  Furthermore, as a public-school teacher, plaintiff raising concerns to her superiors regarding potential drugs on campus was a function of her job responsibilities and, therefore, not protected speech.  *See King v. Board of County Commissioners*, 916 F.3d 1339, 1345–46 (11th Cir. 2019).  Finally, plaintiff has not expressly alleged that either of these acts, as opposed to the myriad other allegations raised in her pleadings, resulted

in a retaliatory action, such as her termination.  *Castle v. Appalachian Technical Coll.*, 631 F .3d 1194, 1197 (11th Cir. 2011) (To show the requisite causal relationship, "the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech.").

Plaintiff's allegations against Jacobs are similarly flawed.  She alleges that Jacobs retaliated against her by compelling another teacher to lie about her ability to teach, management skills, and organizational skills.  Doc. 1-2 at 7; doc. 5 at 12.  She does not identify any protected speech or act to which Jacob's alleged compulsion was in retaliation.  It is also left vague in what context Jacobs' directed the other teacher to lie and how it adversely impacted plaintiff.  Therefore, plaintiff has failed to adequately allege any Constitutional claims.  As none of her federal or state claims alleged against Buck, Foltz, Jacobs, and Levett can be sustained as a matter of law, the motion for judgment of the pleadings should be **GRANTED**.  Doc. 15.

## IV.  Shotgun Pleadings

Defendants characterize plaintiff's amended complaint as a shotgun pleading.  Doc. 15 at 2.  They are correct to do so.  The Eleventh

Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 & n. 9 (11th Cir. 2015). (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts). They typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 Fed. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23). Plaintiff's complaint and amended complaint fall into each of these categories. There is no clear structure to her pleadings and it is nearly impossible to discern what claims are alleged against specific defendants and what facts are offered to support those claims. Though she identified multiple Constitutional and statutory basis for her claims, none are independently explained. In their

totality, the pleadings are little more than a set of confusing narratives and conclusory allegations.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320)).   Typically, a litigant is granted a single opportunity to amend their complaint prior to its dismissal on shotgun pleading grounds.  *See id*. at 1296.  In this case, however, as all claims are due to be dismissed for other independent reasons and plaintiff has previously amended her complaint, no additional opportunity is warranted.  *See Hall v. United States*, 367 F.3d 1255, 1263 (11th Cir. 2004) (recognizing that a district court may deny an opportunity to amend where any amendment would be futile and subject to dismissal).  Therefore, the complaint and amended complaint should be **DISMISSED** as shotgun pleadings.

## V.   Conclusion

In summary, plaintiff's motions to amend the summons designated for Buck and Woods is **DENIED**.  Doc. 33.  The Court **RECOMMENDS**

that the motion to dismiss for improper service and motion for judgment on the pleadings be **GRANTED**.    Doc. 9; doc. 15.    It also **RECOMMENDS** that Woods and the Georgia Department of Education be **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m) as they have not been properly served.    Alternatively, the Court **RECOMMENDS** that the complaint and amended complaint be **DISMISSED** as shotgun pleadings.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of May, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA