IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARACELI DIAZ HARPER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BOARD OF PUBLIC EDUCATION ) <br> FOR THE CITY OF SAVANNAH AND ) <br> THE COUNTY OF CHATHAM; ) <br> NEW HAMPSTEAD HIGH SCHOOL ) <br> (NHHS); M. ANN LEVETT, ED. D., ) <br> Superintendent; TAWN FOLTZ, ) <br> Principal; GARRY JACOBS, ) <br> Assistant Principal; ) <br> MARIA NESSEN, Assistant ) <br> Principal; RICHARD WOODS, ) <br> Superintendent; and DR. JOE ) <br> BUCK, Board President; ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV420-139 |

## O R D E R

Before the Court is the Magistrate Judge's May 20, 2021, Report and Recommendation (Doc. 61), to which Plaintiff has filed an objection (Doc. 62). After a careful de novo review of the record, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation.

### BACKGROUND

The Court provides of brief summary of the relevant facts but incorporates by reference the fact summary in the report and recommendation. (Doc. 61 at 2-5.) Plaintiff filed this employment discrimination case in June 2020. (Doc. 1.) On October 14, 2020,

having received no proof of service, the Magistrate Judge directed Plaintiff to effect service on Defendants within 30 days. (Doc. 4 at 2.) On November 5, 2020, Plaintiff filed an amended complaint and requested summonses for Defendants Dr. Joe Buck, Tawn Foltz, Gary Jacobs, M. Ann Levett, Maria Nessen, and Richard Woods. (Doc. 5; Doc. 6.) At the time, Plaintiff did not request summonses for Defendants the Board of Public Education for the City of Savannah and the County of Chatham ("School Board"), New Hampstead High School ("NHHS"), or the Georgia Department of Education ("GDOE").[1] On November 30, 2020, Plaintiff submitted proof of service for Defendants Buck, Foltz, Jacobs, Levett, and Woods. (Doc. 9, Attach. 1.) She also filed two identical motions requesting an extension of time to locate and serve Defendant Nessen. (Doc. 10; Doc. 13.) The Magistrate Judge denied these motions. (Doc. 31.)

On December 1, 2020, Defendants School Board, NHHS, and Nessen filed a motion to dismiss for improper service. (Doc. 11.) Shortly thereafter, on December 17, 2020, Defendants Buck, Foltz, Jacobs,

---

[1] Plaintiff added the Georgia Department of Education ("GDOE") as a Defendant in her amended complaint. (Doc. 5 at 3.) GDOE has not been officially added as a Defendant in this case, perhaps due to the lack of clarity in Plaintiff's amended complaint. However, Plaintiff did include Defendant GDOE in her list of Defendants. (Doc. 5 at 3.) As a result, the Clerk of Court is **DIRECTED** to amend the caption to add Georgia Department of Education as a Defendant in this case. Plaintiff also filed a Motion to Add Defendants, in which Plaintiff seeks to add the GDOE and the School Board as Defendants in this case. (Doc. 39.) Because both parties are now named Defendants, Plaintiff's motion (Doc. 39) is **DISMISSED AS MOOT**.

2

and Levett (collectively, "School Official Defendants") filed a motion for judgement on the pleadings. (Doc. 15). Plaintiff did not file a timely response to either of these motions. See S.D. Ga. L.R. 7.5 (providing 14 days in which to respond to motions). Instead, Plaintiff filed several motions and proposed amendments, many of which were redundant or frivolous. (See, e.g., Docs. 17, 18, 19, 20, 21, 22, 23, 29.) In these filings, Plaintiff simply restates the factual allegations from her complaint but fails to address the deficiencies identified in the motion for judgment on the pleadings. Similarly, Plaintiff did not provide an excuse for her failure to serve several of the Defendants. However, on January 21, 2021, Plaintiff submitted summonses for Defendants School Board and GDOE. (Doc. 30.) For a reason that is not clear from the record, these summonses were not issued.[2] Plaintiff also sought to amend the summonses she served on Defendants Buck and Woods to count as service for Defendants School Board and GDOE. (Doc. 33.) Plaintiff provided untimely responses to the dispositive motions

---

[2] Plaintiff seems to allege that the Clerk of Court would not issue her summons because they had not been signed by a judge. (Doc. 62 at 1-2.) There appears to have been some miscommunication or misunderstanding, as summonses are signed by the Clerk of Court, not a judge. Fed. R. Civ. P 4(b). In any event, the Clerk is **DIRECTED** to issue Plaintiff a summons for Defendant GDOE. The Court **GRANTS** Plaintiff **thirty (30) days** from the date the summons is issued to serve Defendant GDOE. The Clerk is not required to issue a summons for Defendant School Board because Plaintiff's request for this summons was untimely as the Court explains below.

3

on February 22, 2021. (Doc. 51; Doc. 52.) On referral from this Court, the Magistrate Judge issued a report and recommendation on May 20, 2021. (Doc. 61.)

**ANALYSIS**

I. <u>PLAINTIFF'S MOTIONS TO DISMISS</u>

Before turning to the report and recommendation, the Court must first address Plaintiff's motions to voluntarily dismiss Defendants Buck, Woods, and NHHS. (Docs. 35, 38, 40.) Specifically, Plaintiff moves to dismiss Defendants Buck and Woods because she mistakenly served them with summonses, when she intended to serve their respective places of employment, GDOE and NHHS. (Doc. 35 at 1; Doc. 40 at 1.) Pursuant to Federal Rule of Civil Procedure 21, "[O]n motion or on its own, the court may at any time, on just terms, add or drop a party." Because it appears Plaintiff did not intend to sue either Defendant Buck or Defendant Woods, Plaintiff's motions to dismiss both Defendants (Docs. 35, 40) are **GRANTED**. Plaintiff also moved to voluntarily dismiss NHHS (Doc. 38), but later moved to withdraw that motion, claiming she was misled by counsel for NHHS (Doc. 65). As discussed below, NHHS is due to be dismissed on account of Plaintiff's failure to perfect service. Accordingly, Plaintiff's motions (Docs. 38, 65) are **DISMISSED AS MOOT**.

4

II. THE REPORT AND RECOMMENDATION

The Magistrate Judge analyzed the motion to dismiss and motion for judgment on the pleadings and recommended that both be granted. (Doc. 61 at 1.) Alternatively, the Magistrate Judge recommended that Plaintiff's complaint and amended complaint be dismissed as shotgun pleadings. (Id. at 2.) The Court reviews de novo the Magistrate Judge's findings to which Plaintiff objects; and the Court reviews for clear error the portions of the report and recommendation to which Plaintiff did not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations).

A. Motion to Dismiss for Improper Service

The Court will first consider Defendants School Board, NHHS, and Nessen's motion to dismiss for improper service. Federal Rule of Civil Procedure 4 "requires a plaintiff to serve each defendant with a copy of both the summons and the complaint" and circumscribes the timing and methods for doing so. Cooley v. Owen Loan Servicing, LLC, 729 F. App'x 677, 682 (11th Cir. 2018) (per curiam) (citing Fed. R. Civ. P. 4). This Court lacks personal jurisdiction over any defendant who has not been properly served in accordance with Rule 4. See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

5

As the Magistrate Judge highlighted, Plaintiff failed to serve the School Board, NHHS, or Nessen within the ninety-day time period prescribed by Rule 4(m) or within the thirty-day time extension provided by the Magistrate Judge. (Doc. 61 at 6-7, 10.) Plaintiff has not requested summons for NHHS nor shown good cause for failing to attempt service on NHHS. As over six months have passed since the expiration of Plaintiff's already extended deadline to effectuate service, dismissal of NHHS is clearly warranted.

With respect to the School Board, Plaintiff argues that she did request summons for the School Board but that the Clerk of Court erred in not issuing the summons. (Doc. 62 at 2.) Despite not being issued a summons, Plaintiff filed a certificate indicating that service on the School Board was completed via mail on February 4, 2021. (Doc. 57.) The Court agrees with the Magistrate Judge that Plaintiff's efforts are insufficient to satisfy Rule 4. Even assuming the Clerk did err by not issuing the summons for the School Board, Plaintiff did not request the summons from the Clerk until January 21, 2021, over three months after Plaintiff's extended deadline. (Doc. 30.) Although the Clerk's failure to issue summons could constitute good cause for an extension in other contexts, the fact that Plaintiff failed to timely request summons and has already received an extension dissuades the Court from finding good cause in her case.

6

Additionally, as the Magistrate Judge noted, Plaintiff's attempt to serve the School Board by mail was both untimely and improper under the Federal Rules and the Georgia Code. (Doc. 61 at 10.) Accordingly, the School Board is due to be dismissed because of Plaintiff's improper and untimely service.[3]

Lastly, despite being issued summons for Defendant Nessen, Plaintiff failed to perfect service. On November 5, 2020, Plaintiff attempted service but the sheriff's deputy was unsuccessful in serving Nessen at her former place of employment, NHHS. (Doc. 9, Attach. 1 at 9.) Plaintiff also claims she attempted to mail a copy of her amended complaint to Nessen on the same day. (Doc. 42 at 1.) On February 4, 2021, over three months after the extended deadline for service, Plaintiff sent a request for waiver of service to Nessen's counsel (Doc. 42 at 4), which Nessen refused (Doc. 53 at 3). Although Plaintiff did attempt to timely serve Nessen, it appears Plaintiff has made no further attempts to properly serve Nessen in the past eight months, besides making an untimely request for waiver of service. As the Magistrate Judge noted, Plaintiff's attempt to serve Nessen by mail was inadequate under both the Federal and Georgia Rules for service of process on

---

[3] Plaintiff also sought to amend the summons she served on Defendant Buck to count as service of process for the School Board. (Doc. 33.) The Magistrate Judge denied Plaintiff's motion to amend as an impermissible amendment under Rule 4(a)(2). (Doc. 61 at 8-9.) Plaintiff has not appealed or objected to that decision by the Magistrate Judge.

7

an individual. (Doc. 61 at 11.) Further, the Court agrees with the Magistrate Judge that "[t]en months is more than adequate time to serve defendants," despite Plaintiff's contentions that she has been impacted by the COVID-19 pandemic. (Id. at 12; Doc. 51 at 1-3.) Because Plaintiff has not shown good cause for her failure to timely perfect service, dismissal is also warranted for Nessen. Accordingly, the Court **ADOPTS IN PART** the Magistrate Judge's report and recommendation and **GRANTS** the Defendants School Board, NHHS, and Nessen's motion to dismiss for improper service (Doc. 11).

B. Motion for Judgment on the Pleadings

The Magistrate Judge also recommended granting the School Official Defendants' motion for judgement on the pleadings. (Doc. 62 at 23.) Yet, due to the ambiguity in Plaintiff's amended complaint, the Court is unable to determine with certainty whether these Defendants are entitled to judgment on the pleadings. For example, Plaintiff does not specify whether she is suing the School Official Defendants in their individual or official capacities. Forced to assume that Plaintiff intended to sue the School Official Defendants in both capacities, the Magistrate Judge found that the official capacity claims were actually "claims against the School Board" and therefore due to be dismissed. (Id. at 16.)

The Magistrate Judge is correct that a plaintiff may not maintain an action against both a government official in their official capacity and their employer government entity. Busby v.

8

City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citations omitted). However, the <u>Busby</u> rule does not preclude official capacity claims entirely, but rather permits courts to dismiss official capacity claims when they would be duplicative of claims against a defendant government entity. <u>Id.</u> (affirming district court's decision to grant directed verdict to individuals named in their official capacity, "**because** the City of Orlando remained as a defendant") (emphasis added). Because the School Board has been dismissed as a defendant in this case, the official capacity claims against the School Official Defendants would not be subject to dismissal, at least under the <u>Busby</u> rule. C.f. <u>Thornton v. Jackson</u>, 998 F. Supp. 2d 1365, 1378 (N.D. Ga. 2014) (dismissing official capacity claims against the chairman of the county Board of Commissioners as duplicative where the county was also a defendant); <u>Gonser v. Twiggs Cnty.</u>, 182 F. Supp. 2d 1253, 1256-57 (M.D. Ga. 2002) (same). Because some of Plaintiff's claims, if properly pled, could potentially survive a motion for judgment on the pleadings, the Court **DECLINES TO ADOPT** the portion of the Magistrate Judge's report which recommends granting the motion for judgment on the pleadings.

C. <u>Shotgun Pleading</u>

The difficulty in ruling on the merits of the School Official Defendants' motion is that the Court is unable to discern exactly which claims Plaintiff intends to bring against which Defendants.

9

As the Magistrate Judge correctly identified, Plaintiff's complaint is a textbook example of a shotgun pleading. (Doc. 62 at 2.) A shotgun pleading makes it difficult, if not impossible, for the Court and defendants to understand what claims are alleged and against which defendant the claims are asserted. Adams v. Huntsville Hosp., 819 F. App'x 836, 838 (11th Cir. 2020) (citing Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)); Anderson v. Dist. Bd. of Trs. Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) (noting that a shotgun pleading does not satisfy the pleading requirements of the Federal Rules of Civil Procedure). Such pleadings often rely on confusing, vague, and conclusory statements and facts that are immaterial to the alleged claims. Adams, 819 F. App'x at 838. Shotgun pleadings are a drain on the resources of courts and parties and, therefore, are not tolerated in this Circuit. See Weiland, 792 F.3d at 1321 n.9. Shotgun pleadings typically manifest in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

Adams, 819 F. App'x at 839 (quotation omitted). As the Magistrate Judge highlighted, Plaintiff's complaint and amended complaint fall into each of these categories. (Doc. 61 at 24-25.)

Despite attempting to amend her complaint several times, Plaintiff has yet to provide a complaint that clearly articulates her claims. Instead, Plaintiff's filings recite long, narrative accounts of her mistreatment as a teacher for NHHS. Although Plaintiff alleges that Defendants violated several of her Constitutional and statutory rights, she fails to explain which violations apply to which of the named defendants. Plaintiff also fails to identify which of her many factual allegations give rise to each specific claim. The Court is required to liberally construe Plaintiff's pro se complaint; however, it is not required to rewrite Plaintiff's complaint to allege a proper claim for relief. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Accordingly, the Court **ADOPTS IN PART** the report and recommendation and **DISMISSES** Plaintiff's complaint and amended complaint (Docs. 1, 5) as impermissible shotgun pleadings.

However, "[i]n the special circumstances of non-merits dismissals, [the Eleventh Circuit] [has] required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing cases); Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) ("Before dismissing a complaint with

11

prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint."). Because the Court has not previously explained to Plaintiff that her complaint violates the shotgun-pleading rule, the Court will give Plaintiff one last opportunity to file a complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure. See Vibe Micro, 878 F.3d at 1295 ("In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [the plaintiff] to replead the case . . . .") (quotation omitted).

**CONCLUSION**

Based on the foregoing, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation. (Doc. 61.) Accordingly, the Court **GRANTS** Defendants School Board, NHHS, and Nessen's motion to dismiss. (Doc. 11.) Additionally, the Court **GRANTS** Plaintiff's motions to voluntarily dismiss Defendants Woods and Buck. (Doc. 35, 40.) As a result, Defendants School Board, NHHS, Nessen, Woods and Buck are **DISMISSED** from this case.

The Court **DISMISSES** Plaintiff's original and amended complaint (Docs. 1, 5) as shotgun-pleadings. As a result, the School Official Defendants' motion for judgment on the pleadings (Doc. 15) is **DISMISSED AS MOOT**.

Further, the Court **DIRECTS** Plaintiff to file a new amended complaint within **fourteen (14) days** of this order. The amended complaint should be brought against only the remaining defendants, GDOE, Levett, Foltz, and Jacobs. This complaint should contain a short and plain statement of each claim Plaintiff contends entitles her to relief. Plaintiff should identify the specific factual allegations she claims support each claim. Further, Plaintiff should clearly state which claims are brought against which of the remaining defendants.[4]

Lastly, several of Plaintiff's motions (Docs. 29, 32, 36, 37, 38, 39, 49, 50, 56, 64, 65) are **DISMISSED AS MOOT**, as they request relief already denied or granted in this order.

**SO ORDERED** this 22nd day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish Plaintiff's claims for relief.