## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ARACELI DIAZ HARPER,       )
                                 )
          Plaintiff,       )
                                 )
v.                         )        CV420-139
                                 )
M. ANN LEVETT, ED. D.,    )
TAWN FOLTZ, GARRY JACOBS, )
and GEORGIA DEPARTMENT    )
OF EDUCATION              )
                                 )
          Defendants.    )

## <u>REPORT AND RECOMMENDATION</u>

As directed, *pro se* plaintiff Araceli Diaz Harper has filed a new amended complaint, doc. 76, and has also filed several motions, docs. 95, 97, 98, 101. Defendants oppose all of her motions and seek dismissal of her case. *See* docs. 80 & 81 (Motions to Dismiss); docs. 103, 104, 105, 106, 107. Plaintiff has responded to the motions to dismiss and has replied in support of her various motions. *See* docs. 89, 90, 112, 113, 114. Defendants have responded to some of those filings, instigating another round of filings from Harper. This litigation practice has resulted in a lengthy, entangled docket. For clarity, although not necessarily the order

1

in which they were filed, the Court will address the pending motions in the following order.

First, Plaintiff has filed two motions to amend her already twice-amended complaint, *see* docs. 95, 101.  She seeks to add a claim for relief under Title VII, doc. 95 at 1, which all defendants oppose, *see* docs. 104, 105.  She also seeks to "fix a mistake" about the capacity in which she sued Defendants M. Ann Levett, Ed.D., Tawn Foltz, and Garry Jacobs (the "School Official Defendants"), doc. 101, which the School Official Defendants oppose, doc. 107.   Plaintiff has submitted documents captioned, at least in part, as replies in support of her motions to amend. *See* docs. 114 and 115.  A portion of these filings are virtually identical. *Compare* doc. 114 at 2-4 *with* doc. 115 at 2-4.  Nevertheless, the Court will consider any argument relevant to the two motions to amend contained within these apparently redundant filings.

Next, Defendant Georgia Department of Education (GDOE) has filed a Motion to Dismiss, doc. 80, to which Plaintiff has responded, doc. 89, and the GDOE has replied, doc. 102.  The School Official Defendants have each answered the newly amended complaint, docs. 77, 78 & 79, but have also jointly filed a Motion to Dismiss, doc. 81, to which Plaintiff has

responded, doc. 90, and the School Official Defendants have replied, doc. 107. Plaintiff has captioned one of her many filings as, among other things, her sur-reply to the School Official Defendants' Motion to Dismiss. Doc. 114 at 1.

Plaintiff has also filed a motion seeking discovery, doc. 97, which defendants oppose, docs. 103, 106. Finally, she has submitted an "explanation" as to why she requested a prior extension of time, which the Clerk of Court has docketed as its own motion. *See* doc. 98.

## I.   BACKGROUND

Plaintiff initiated this case on June 23, 2020, alleging federal and state law violations related to her employment as a Spanish teacher at New Hampstead High School ("NHHS"). *See generally* doc. 1. In a prior Order, the Court granted Plaintiff's voluntary motions to dismiss Dr. Joe Buck and Richard Woods, doc. 73 at 4, and granted the Board of Public Education for the City of Savannah and the County of Chatham ("School District"), NHHS, and Maria Nessen's motions to dismiss for improper service, *id.* at 8. The Court also dismissed Plaintiff's original and amended complaints as shotgun pleadings. *Id.* at 12. However, she was afforded an opportunity to file a new amended complaint against only the

remaining defendants: the Georgia Department of Education ("GDOE"),[1] M. Ann Levett, Ed.D., Tawn Foltz, and Garry Jacobs. *Id.* at 13. Plaintiff was expressly instructed that any new complaint "should contain a short and plain statement of each claim Plaintiff contends entitles her to relief," and that she "should identify the specific factual allegations she claims support each claim" and "clearly state which claims are brought against which of the remaining defendants." *Id.*

Plaintiff filed her new complaint (the "Second Amended Complaint") against the GDOE and Levett, Foltz, and Jacobs in their official capacities. *See generally* doc. 76. While her allegations remain difficult to follow, she claims she suffered employment discrimination because of a hostile and abusive working environment, *id.* at 10-14, discrimination because of her national origin, including her Spanish accent, *id.* at 14-15, discrimination because of an alleged disability, *id.* at 15-18, and breach of contract, *id.* at 18, all related to her employment as a teacher at NHHS. She identifies several federal and state statutes that she contends apply to her case: Title VII of the Civil Rights Act of 1964,

---

[1] Since the GDOE had not yet been served at the time of the Court's prior Order, Plaintiff was granted 30 days from the receipt of a summons from the Clerk to serve that defendant. Doc. 73 at 3, n. 2.

the Americans with Disabilities Act of 1990, 28 U.S.C. § 1983, 42 U.S.C. § 1985, and the Georgia Fair Employment Practices Act.  Doc. 76 at 3-4.

To support her claims, Plaintiff provides a chronological recitation of factual allegations about her time as a Spanish teacher at NHHS from early 2016, through her termination in October 2018, and into May 2019, when she was allegedly prohibited from retrieving her personal belongings from her former classroom.  *See* doc. 76 at 19-29.  She attaches an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against NHHS, dated November 7, 2018, that claims discrimination and retaliation because of her national origin, *see* doc. 76 at 45, and another EEOC Charge of Discrimination against NHHS, dated November 8, 2018, that claims discrimination and retaliation because of her national origin and disability, *see id.* at 46.  She also attaches an EEOC Dismissal and Notice of Rights Letter dated September 24, 2019. *Id.* at 31.

Upon Plaintiff filing her Second Amended Complaint, The School Official Defendants each filed answers, *see* docs. 77 (Levett's Answer); 78 (Foltz' Answer); and 79 (Jacobs' Answer), and the GDOE and the School Official Defendants filed their motions to dismiss, discussed in more

5

detail below. *See* docs. 80 and 81. Plaintiff sought an extension of her deadline to respond to those motions, which was granted. Doc. 88. In its Order granting her additional time to respond, the Court also stayed discovery in this case pending disposition of the motions to dismiss. *Id.* at 3. Plaintiff then submitted her responses to the motions to dismiss, docs. 89 & 90, what she has captioned as "answers" to the School Official Defendants' answers, docs. 91, 93, & 96,[2] her motions to amend, docs. 95 & 101, her motion for discovery, doc. 97, and her "explanation" for why she previously sought an extension of time, doc. 98. The parties have exhaustively briefed the issues, and all pending motions are now ripe for review.

## II.   ANALYSIS

### A.   Motions to Amend

After dismissing her two prior Complaints as shotgun pleadings, the District Judge gave Plaintiff "one last opportunity to file a complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure." Doc. 73 at 12. She filed her Second Amended Complaint

---

[2] The document at docket entry 92 is a duplicate of the document at docket entry 91. *Compare* doc. 92 *with* doc. 91. Similarly, the document at docket entry 94 is a duplicate of the document at docket entry 93. *Compare* doc. 94 *with* doc. 93.

within the time directed, *see* doc. 76, but then, about four months later, after the defendants moved to dismiss, she filed a motion to amend to add a "claim for relief under Title VII." Doc. 95 at 1. In her motion, she seeks to add allegations that "NHHS, SCCPSS, GaDOE employer engaged in practice [sic] against Plaintiff, because she was working under Hostile Work Environment and the NHHS fights were in the social media almost daily." *Id.* She also seeks to add an allegation that "NHHS discriminated against Plaintiff by not allowing her to keep teaching and by ordering that she was not allowed to be in or out the building when she still was an employee of NHHS, SCCPSS and under GaDOE." *Id.* at 2.

GDOE opposes her motion as futile and untimely. *See generally* doc. 104. It argues that the proposed amendment would be futile, since, as it argues in its Motion to Dismiss, it is not Plaintiff's statutory employer. *Id.* at 2. It further argues that the amendment is untimely since the deadline for amending pleadings has expired and Plaintiff has not shown the requisite good cause. *Id.* at 3. The School Official Defendants also oppose the requested amendment, arguing that Plaintiff's employers have already been dismissed from this lawsuit and so adding a Title VII claim would be improper. Doc. 105 at 5. Plaintiff

7

replied, pointing out her medical issues and asking for leniency since she "did not mean to make so many mistakes." Doc. 113 at 2.

Frankly, Plaintiff's request to add an additional claim for relief under Title VII is confusing. To the extent she seeks to add a claim that she was working in a hostile work environment, *see* doc. 95 at 1, she has already alleged that she was working in a "hostile and abusive working environment" during her time at NHHS. *See* doc. 76 at 10. To the extent she is trying to add claims against NHHS and the School District, *see* doc. 95 at 1, those defendants have already been dismissed from this case. *See* doc. 73 at 8. It does not appear that she is attempting to add any new claim against any existing defendant. *Compare* doc. 76 *with* doc. 95. Even if her requested amendment did propose to add a new claim against any existing defendant, as explained below, she has not demonstrated good cause for such an amendment at this stage in the proceedings.

In addition to seeking to add a Title VII claim, Plaintiff also seeks to amend her most recent complaint to "fix a mistake" about the capacity in which she is suing Levett, Foltz, and Jacobs. Doc. 101 at 1. She stated throughout her Second Amended Complaint that she was pursuing her claims against these three defendants in their official capacities. *See* doc.

76 at 1 (caption naming each individual defendant in their "official capacity"); 2-3 (listing defendants in their "official capacity"); 10 (identifying defendants in their "official capacity"); 19 (identifying defendants in their "official capacity"). She now seeks to sue them in their "individual capacit[ies]" instead. Doc. 101 at 1.

The School Official Defendants oppose her request to "fix" her "mistake." Doc. 107 at 10-12. They argue that she is not, in fact, attempting to fix a mere mistake. Instead, she is trying to make a substantive change to her Second Amended Complaint since she misunderstood the implications of her choice to pursue official capacity claims. *Id.* at 12. And, they point out, she did not "explain or deny the error," but "simply asks for the Amended Complaint be changed from an 'official capacity' complaint to an 'individual capacity complaint' because 'it is very important for plaintiff to fix this mistake' and 'even lawyer's [sic] make mistakes.'" Doc. 107 at 10 (quoting doc. 101 at 1). She has not demonstrated the good cause necessary to permit her an opportunity to fix her mistakes here.

The deadline for filing amended pleadings ran on January 29, 2021. See doc. 26. Even though this deadline had expired, the Court afforded

9

Plaintiff one final opportunity to file an amended complaint after discussing the fatal flaws in her original pleading.  See doc. 73 at 12-13. The deadline for filing amended pleadings has expired, and Plaintiff has already taken advantage of the "one last opportunity" afforded to her by the Court.  Even assuming that the undersigned could afford her another opportunity, given the District Judge's limited authorization to amend, a schedule may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  Retroactive extensions are prohibited by the Federal Rules, except in cases of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Plaintiff's motion does not provide the good cause necessary to retroactively extend her deadline for amending her already amended Complaint.  Plaintiff has not shown the requisite diligence required to modify the scheduling order to permit the out-of-time amendment.  She was expressly granted **one last opportunity** to file her amended complaint.  Doc. 73 at 12.  She did so.  Doc. 76.  She has not offered any reasons why she should now be permitted to amend that already amended complaint.  Her requests to do so are **DENIED.**  Docs. 95, 101.

## B.    GDOE's Motion to Dismiss

The GDOE filed its motion to dismiss in lieu of an answer, arguing that it is "subject to dismissal in its entirety because [it] is not Harper's statutory employer; Harper failed to exhaust her administrative remedies to bring Title VII or ADA claims against DOE; DOE has immunity to Harper's claims for breach of contract and FEPA; and, even if her claims were not barred on strict legal bases, Harper failed to plead facts to support any claim for relief against DOE."  Doc. 80 at 3-4.

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true."  *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Despite the plaintiff's pleading burden, the movant bears the burden on a motion to dismiss.  *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure.  *Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

As discussed above, Plaintiff's Amended Complaint claims she suffered employment discrimination because of a hostile and abusive working environment, doc. 76 at 10-14, discrimination because of her national origin, including her Spanish accent, *id.* at 14-15, discrimination because of an alleged disability, *id.* at 15-18, and breach of contract, *id.* at 18.

GDOE first argues that plaintiff's Amended Complaint fails to allege a viable claim against it under Title VII, the ADA or FEPA because she does not allege any facts supporting the existence of an employment relationship between her and GDOE.  Doc. 80 at 5-6.  As GDOE explains, each of these statutory protections prohibit an employer from discriminating based on protected classes.  *Id.* at 6 (citing 42 U.S.C. §§ 2000e-2(a) and 2000e-3; 42 U.S.C. §§ 12111(2) and 12112(a); O.C.G.A. §§ 45-19-22, 45-19-29).  "A Title VII workplace discrimination claim can only be brought by an employee against his employer." *Peppers v. Cobb Cty., Ga.*, 835 F.3d 1289, 1297 (11th Cir. 2016).  "Plaintiff may only assert an ADA claim against a "covered entity," which is defined as an "employer." *Johnson v. YKK AP America, Inc.*, 2009 WL 10678288, at *5 (S.D. Ga. May 11, 2009).

Plaintiff affirmatively alleges that an entity other than the GDOE was her employer.  Doc.  76 at 3 (identifying her place of employment as "The Board of Public Education for the City of Savannah and the County of  Chatham  County  (SCCPSS)"); *see also id.* at 40 (attachment to complaint identifying "Savannah Chatham Public Schools" as her employer).  In response to GDOE's motion, plaintiff again claims that her employer was "SCCPSS."  *See* doc. 89 at 3 ("Plaintiff was working for NHHS under SCCPSS.").  She also concedes that GDOE did not employer her. *Id.*

Instead, Plaintiff appears to be traveling under the theory that the GDOE works in partnership with the county school system as part of the larger  education  system,  and  therefore  should  "protect  education, students  and  employees."   Doc. 89 at 3.   She alleges that GDOE "inappropriately allowed NHHS to create a hostile and discriminatory work environment" because it "oversees public education throughout the state."  Doc. 76 at 19.  These conclusory allegations are not enough to plausibly state a claim against GDOE.  *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) ("Conclusory allegations are not entitled to the assumption of truth.").  Because Plaintiff, despite several attempts at

amendment, has not alleged facts to support her contention that GDOE is liable under Title VII, the ADA, or the FEPA, its Motion to Dismiss on those grounds should be **GRANTED**.  Doc. 80 (in part).

For similar reasons, the GDOE's motion is due to be granted for plaintiff's failure to exhaust her administrative remedies.  Her charges filed with the EEOC identify only NHHS as her employer.  Doc. 76 at 45-46.  "An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act . . . ."  *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317).  "The first step down [the] path [of exhaustion] is filing a timely charge of discrimination with the EEOC."  *Wilkerson*, 270 F.3d at 1317.  Additionally, "the general rule is that 'a party not named in the EEOC charge cannot be sued in a subsequent civil action' under Title VII."  *Sharp v. City of Montgomery*, 2021 WL 5989104, at *7 (M.D. Ala. Dec. 17, 2021) (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994)); 42 U.S.C.  § 2000e-5(f)(1) (A Title VII action "may be brought against the respondent named in the charge . . . .").  Plaintiff did not name GDOE in either of her EEOC charges, and has therefore failed to exhaust her

claims against that entity.  GDOE's motion to dismiss on this ground should be **GRANTED**.  Doc. 80 (in part).

Finally, Plaintiff's claim for breach of contract against GDOE should be dismissed.  Doc. 76 at 18 (claiming liability for breach of contract against GDOE).  The Eleventh Amendment provides immunity to States, and their agencies, from suit in federal court, absent waiver by the state or a valid abrogation of immunity by an act of Congress. *See, e.g., Schopler v. Bliss*, 903 F.2d 1373, 1378-79 (11th Cir. 1990); *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *see also Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (holding that the Eleventh Amendment provides immunity to entities and agencies functioning as an arm of the state).  Plaintiff does not dispute that GDOE is an arm of the state entitled to Eleventh Amendment immunity. *See generally* doc. 89.  The Georgia Department of Education is entitled to Eleventh Amendment immunity, and its motion to dismiss Plaintiff's breach of contract claims should be **GRANTED**.  Doc. 80 (in part).

## C.    School Official Defendants' Motion to Dismiss

Levett, Foltz, and Jacobs each filed an answer raising a host of affirmative defenses.[3] *See generally* docs. 77, 78, & 79.  Then, more than two weeks after filing their answers, these School Official Defendants filed a joint motion to dismiss arguing that Plaintiff's newest complaint "suffers from many of the same deficiencies that made her prior complaints impermissible shotgun pleadings, and it should be dismissed . . . ."  Doc. 81 at 2.  They also argue that since the Second Amended Complaint names them only in their official capacities, it is a suit against the School District which has already been dismissed for improper service, and is therefore subject to dismissal on those same grounds.  *Id.*

As Plaintiff pointed out in her motion to amend, even lawyers make mistakes.  Doc. 101 at 1.  Federal Rule of Civil Procedure 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."  Fed. R. Civ. P. 12(b).  However, a party raising by motion the defenses enumerated under the

---

[3] The plaintiff alleges her claims against these defendants in their official capacities. Doc. 76 at 2.  The School District joined in each Answer "out of an abundance of caution," *see* doc. 77 at 1-2, doc. 78 at 1-2, doc. 79 at 1-2, even though it has been dismissed from this case.  It states that, since it has never been properly served in this case, the Court should "stand by its dismissal."  *Id.*

rule must do so "**before** pleading if a responsive pleading is allowed." *Id.* (emphasis added). Defendants filed their motion to dismiss **after** filing their responsive pleadings. *Compare* doc. 81 (motion filed Aug. 6, 2021) *with* docs. 77, 78, & 79 (Answers filed July 20, 2021). "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed." *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

Even though Defendants raised the same issues presented in their Motion to Dismiss in their responsive pleadings, *see, e.g.,* docs. 77 at 2-5, 78 at 2-5, & 79 at 2-5, that does not necessarily save them from their procedural misstep. *See Walker v. Mead*, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) ("[T]o the extent the Motion seeks dismissal under Federal Rule of Civil Procedure 12(b), any right thereto has been waived because [defendant] filed his Motion contemporaneously with his answer, in contravention of Rule 12(b)'s requirement that a motion to dismiss be filed before the responsive pleading."); *see also Brisk*, 709 F. Supp. at 1147 ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss."); *cf. Ward v. Glynn Cnty. Board of Comm'rs*, 2016 WL 4269041, at *7 (S.D. Ga. Aug.

11, 2016) (declining to find that defendant's filing of an answer on the same day as its motion to dismiss for failure to state a claim rendered the motion moot, where motion was submitted before the responsive pleading).

It is clear that the motion to dismiss is procedurally improper. What is less clear, however, are the repercussions of this procedural gaff on the School Official Defendants' substantive arguments. Some district courts in the Eleventh Circuit simply deny as moot an untimely filed motion to dismiss. *See Walker*, 2014 WL 2778162, at *1, 3 (denying motion to dismiss filed simultaneously with answer and collecting cases where "[d]istrict [c]ourts in the Eleventh Circuit [have] routinely den[ied] motions to dismiss as moot which are filed simultaneously with or after an answer is filed."). Other courts address the substantive arguments, at least those made under Rule 12(b)(6), "as if they had been properly raised in a motion for judgment on the pleadings." *Brisk*, 709 F. Supp. at 1147-48; *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2019 WL 4863378, at *2 (S.D. Fla. Oct. 2, 2019) (noting that Rule 12(b) "requires that all . . . motions be filed prior to a responsive pleading," and construing Rule 12(b)(6) motion as a motion for judgment

on the pleadings pursuant to Rule 12(c)); *Alilin v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7734262, at *4 (M.D. Fla. Jan. 30, 2014) (construing a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c), since the standards are the same).  A district court's determination as to how to proceed is discretionary.  *Green v. Henry Cnty. Comm'n*, 2020 WL 974388, at *3 (M.D. Ala. Feb. 28, 2020).

The School Official Defendants have not only argued that Plaintiff's Amended Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6); they have also argued that it is due to be dismissed for insufficient process and insufficient service of process.  *See* doc. 81 at 1 (citing Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6)).  Therefore, this case is distinguishable from those where the court has construed the untimely motion to dismiss as one for judgment on the pleadings.  Moreover, the School Official Defendants are represented by experienced counsel, and they are proceeding against a *pro se* plaintiff untrained in the law.  In response to her procedurally questionable filings, they reminded the court that it should not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading."  Doc.

107 at 7.  The Court should hold them to the same standard, and **DENY** their Motion to Dismiss, as moot, considering their earlier filed answers. Doc. 81.

### D.    Plaintiff's Remaining Motions

Plaintiff seeks discovery.  Doc. 97.  To the extent her motion is a request for the discovery stay to be lifted, the stay is set to expire upon resolution of the motions to dismiss addressed by this Order and Report and Recommendation.   Upon the District Judge's resolution of the motions, should any defendant remain, the stay will lift pursuant to the Court's prior Order.  *See* doc. 88 at 3.

Plaintiff also asks the Court to order defendants and non-parties to release various categories of information.  *See* Doc. 97.  These requests are not proper.  Should any defendants remain after the District Judge's disposition, the Court will establish a schedule for discovery.  At that time, if Plaintiff wishes to serve discovery on defendants, she must do so pursuant to the Federal Rules of Civil Procedure — meaning, at the appropriate time, any discovery requests should be mailed to the party (or that party's attorney) from whom she seeks that discovery.  *See* Fed. R. Civ. P. 5(b) (describing procedure for service).  Discovery requests are

not filed with the Court.  Fed. R. Civ. P. 5(d) (initial disclosures and discovery requests/responses are not filed until they are used for a motion or the court orders them to be filed).  The Court will not order defendants to produce discovery materials absent a showing of good faith and meaningful meet and confer efforts.  *See generally* Fed. R. Civ. P. 37(a). Any request for the Court to order production of specific categories of information at this point in the proceedings is **DENIED**.  Doc. 97.

Finally, Plaintiff has offered an "explanation" as to why she previously sought an extension of time.  Doc. 98.  That extension of time was granted.  *See* doc. 88.  To the extent the Clerk of Court docketed her explanation for that prior request as its own motion, it is **DISMISSED**, as moot.  Doc. 98.

## III.  CONCLUSION

Plaintiff's Motions to Amend are **DENIED**.  Docs. 95, 101. Defendant Georgia Department of Education's Motion to Dismiss should be **GRANTED**.  Doc. 80.  Defendants Levett, Foltz, and Jacobs' Motion to Dismiss should be **DENIED**, as moot.  Doc. 81.  Plaintiff's Motion for

Discovery is **DENIED**.  Doc. 97.  Plaintiff's Motion for Extension of Time

is **DISMISSED**. Doc. 98.

      **SO REPORTED AND RECOMMENDED**, this 24th day of

February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA