IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ARACELI DIAZ HARPER,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO. CV420-139
                                    )
M. ANN LEVETT, ED. D.; TAWN         )
FOLTZ; GARRY JACOBS; and            )
GEORGIA DEPARTMENT OF               )
EDUCATION;                          )
                                    )
        Defendants.                 )
                                    )

## O R D E R

Before the Court is the Magistrate Judge's February 24, 2022,
Report and Recommendation (Doc. 117), to which Defendant Georgia
Department of Education ("GDOE") and Defendants M. Ann Levett,
Tawn Foltz, and Gary Jacobs (the "School Official Defendants")
have filed objections (Docs. 119, 120). Plaintiff did not file an
objection to the report and recommendation. After a careful review
of the record,[1] the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN
PART** the report and recommendation. (Doc. 117.)

---

[1] The Court reviews de novo a magistrate judge's findings to which
a party objects, and the Court reviews for clear error the portions
of a report and recommendation to which a party does not object.
28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv.,
Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v.
Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)
(outlining the standard of review for report and
recommendations)).

**ANALYSIS**

I.   GDOE'S OBJECTION

The Magistrate Judge recommended that the GDOE's Motion to Dismiss be granted in full. (Doc. 117 at 22.) The Magistrate Judge analyzed each of the GDOE's arguments and determined that each argument was successful. (Id. at 13-16.) However, when addressing each ground that supported granting the GDOE's motion to dismiss, the Magistrate Judge indicated the motion to dismiss was only being granted "in part." (See, e.g., id. at 16 ("GDOE's motion to dismiss on this ground should be **GRANTED**. Doc. 80 (in part).").) Concerned about the effect of this parenthetical, the GDOE objects to the report and recommendation to the extent that it characterizes the recommended grant of the GDOE's motion as partial versus full. (Doc. 119 at 3-4.) Although the above-mentioned language may have created some ambiguity, the Magistrate Judge's final recommendation made clear that the GDOE's motion should be granted without qualification. (Doc. 117 at 22.) Therefore, the GDOE's objection is **OVERRULED,** and the Magistrate Judge's recommendation to grant the GDOE's motion to dismiss is **ADOPTED** as the opinion of this Court. As a result, the GDOE's motion to dismiss (Doc. 80) is **GRANTED.**

II.   THE SCHOOL OFFICIALS' OBJECTION

The Magistrate Judge also recommended that the School Official Defendants' Motion to Dismiss be denied as moot since it

was filed after their answers. (Doc. 117 at 17-21.) The Magistrate
Judge correctly observes that the School Official Defendants'
motion to dismiss was procedurally improper. (Id. at 17-19.) He
also notes that courts can dispose of such a motion in multiple
ways, and that determining how to proceed is discretionary. (Id.
at 19-20.) The School Official Defendants filed a "partial
objection and request for modification" of the report and
recommendation, conceding that their motion was "improperly
styled," but asking the Court to exercise its discretion to
construe the motion as one filed pursuant to Federal Rules of Civil
Procedure 12(c) or 12(i). (Doc. 120 at 1-3.)

   The Magistrate Judge recommended that the Court decline to
construe the motion as one for judgment on the pleadings brought
under Federal Rule of Civil Procedure 12(c) since it raises
defenses pursuant not just to Federal Rule of Civil Procedure
12(b)(6), but also Rules 12(b)(4) and 12(b)(5). (Doc. 117 at 20.)
In their objection, the School Official Defendants point to the
decision of one district court in which a post-answer motion to
dismiss for insufficient service of process was construed as a
motion for judgment on the pleadings. (Doc. 120 at 8-9 (citing
Parfitt Way Mgmt. Corp. v. GSM By Nomad, LLC, No. 8:17-CV-
0299(GTS/CFH), 2018 WL 2364287, at *3 (N.D.N.Y. May 24, 2018).)
The School Official Defendants also cite to cases where courts
have construed post-answer motions to dismiss as motions brought

pursuant to Rule 12(i), which contemplates motions requesting that a district court hear and decide any defenses raised "in a pleading or by motion" prior to trial. (Id. at 9 (collecting cases).) In light of this persuasive authority, the Court finds that the School Official Defendants are entitled to pre-trial resolution of the arguments contained in their motion to dismiss. Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation to the extent he recommends denying the School Official Defendants' motion as moot. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Instead, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the School Official Defendants' motion (Doc. 81), to re-docket it as a new motion brought pursuant to Federal Rules of Civil Procedure 12(c) and 12(i), and to serve it, along with a copy of this order, on Plaintiff. Plaintiff shall have **FOURTEEN DAYS** from the date of service to respond in opposition to the re-construed motion. S.D. Ga. L.R. 7.5. Additionally, the re-construed motion is **REFERRED** to the Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

Finally, in her response to the School Official Defendants' re-construed motion, Plaintiff must also address her apparent abandonment of her official capacity claims against the School Official Defendants. In her motion to "fix a mistake," Plaintiff

4

indicated that she sued the School Official Defendants in their "official capacity" by mistake. (Doc. 101 at 1.) Acknowledging that this Court had already given Plaintiff "one last opportunity" to amend her complaint, the Magistrate Judge denied Plaintiff's request to amend her suit. (Doc. 118 at 8-11.) Therefore, if Plaintiff does not intend to pursue her official capacity claims against the School Official Defendants, there would be no remaining claims pending before this Court. Plaintiff must now **SHOW CAUSE** as to whether she intends to pursue her official capacity claims against the School Official Defendants. Failure to do so may result in dismissal of her Amended Complaint. See Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1. The Magistrate Judge will consider the sufficiency of Plaintiff's response along with the School Official Defendants' re-construed motion.

### CONCLUSION

Based on the foregoing, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation. (Doc. 117.) As a result, the GDOE's motion to dismiss (Doc. 80) is **GRANTED**, and the GDOE is **DISMISSED** from this action. Furthermore, in accordance with this order, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the School Official Defendants' motion (Doc. 81), to re-docket it as a new motion brought pursuant to Federal Rules of Civil Procedure 12(c) and 12(i), and to serve it, along with a copy of this order, on Plaintiff. Plaintiff shall have **FOURTEEN**

**DAYS** from the date of service to respond in opposition to the re-construed motion. S.D. Ga. L.R. 7.5. In her response, Plaintiff must also address whether she has abandoned her claims against the School Official Defendants in their official capacities.

SO ORDERED this *22nd* day of March 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA