**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ARACELI DIAZ HARPER,       )
                             )
        Plaintiff,     )
                             )
v.                    )       CV420-139
                             )
M. ANN LEVETT, ED. D.,    )
TAWN FOLTZ, and       )
GARRY JACOBS,         )
                             )
        Defendants.   )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

All that remains in this procedurally convoluted case are *pro se* plaintiff Araceli Diaz Harper's claims against M. Ann Levett, Ed.D., Tawn Foltz, and Garry Jacobs (the School Official Defendants). *See* doc. 76 (Amended Complaint); doc. 121 (Order granting Defendant Georgia Department of Education's Motion to Dismiss). Currently before the Court is the School Official Defendants' Motion to Dismiss, doc. 122, which the Court previously construed as a motion brought pursuant to Federal Rules of Civil Procedure 12(c) and 12(i), doc. 121 at 4. Plaintiff did not timely respond. *See* doc. 121 at 5-6 (affording Plaintiff fourteen days to respond in opposition to the reconstrued motion); *see also*

*generally* docket.  However, after the expiration of her response time, she submitted *nineteen* filings to the Court in approximately thirty days.  *See generally* docs. 123, 124, 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143.  Among these filings are six motions, *see* docs. 125, 130, 133, 136, 137, and 141, including one asking the Court to seal the majority of the docket, *see generally*, doc. 141.  Plaintiff's most recent filings appear to be her attempts to substantively respond to the motion to dismiss.  *See generally* docs. 143 & 145.  The School Official Defendants have replied in support of their motion and have also responded to the Plaintiff's various filings.  Docs. 140, 144, 146.  All motions are ripe for review.

## I.   BACKGROUND

Plaintiff initiated this case on June 23, 2020, alleging federal and state law violations related to her employment as a Spanish teacher at New Hampstead High School ("NHHS").  *See generally* doc. 1.  In a prior Order, the Court granted Plaintiff's voluntary motions to dismiss Dr. Joe Buck and Richard Woods, doc. 73 at 4, and granted the Board of Public Education for the City of Savannah and the County of Chatham ("School District"), NHHS, and Maria Nessen's motions to dismiss for improper

service, *id.* at 8.   The Court also dismissed Plaintiff's original and amended complaints as shotgun pleadings.  *Id.* at 12.  However, she was afforded an opportunity to file a new amended complaint against only the remaining defendants: the GDOE,[1] M. Ann Levett, Ed.D., Tawn Foltz, and Garry Jacobs.  *Id.* at 13.

Plaintiff filed her new complaint (the "Second Amended Complaint") against the GDOE and Levett, Foltz, and Jacobs in their official capacities.  *See generally* doc. 76.  While her allegations remain difficult to follow, she claims she suffered employment discrimination because of a hostile and abusive working environment, doc. 76 at 10-14, discrimination because of her national origin, including her Spanish accent, *id.* at 14-15, discrimination because of an alleged disability, *id.* at 15-18, and breach of contract, *id.* at 18, all related to her employment as a teacher at NHHS.  She identifies several federal and state statutes that she contends apply to her case: Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, 28 U.S.C. § 1983, 42 U.S.C. § 1985, and the Georgia Fair Employment Practices Act.  Doc. 76 at 3-4.

---

[1] Since the GDOE had not yet been served at the time of the Court's prior Order, Plaintiff was granted 30 days from the receipt of a summons from the Clerk to serve that defendant.  Doc. 73 at 3, n. 2.

To support her claims, Plaintiff provides a chronological recitation of her time as a Spanish teacher at NHHS from early 2016, through her termination in October 2018, and into May 2019, when she was allegedly prohibited from retrieving her personal belongings from her former classroom.  *See* doc. 76 at 19-29.  She attaches an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against NHHS, dated November 7, 2018, that claims discrimination and retaliation because of her national origin, *see* doc. 76 at 45, and another EEOC Charge of Discrimination against NHHS, dated November 8, 2018, that claims discrimination and retaliation because of her national origin and disability, *see id.* at 46.  She also attaches an EEOC Dismissal and Notice of Rights Letter dated September 24, 2019.  *Id.* at 31.

The GDOE filed a motion to dismiss the Second Amended Complaint, which was granted.  Doc. 117, *adopted by* doc. 121.  Now, the only remaining defendants are M. Ann Levett, Ed. D., the School District superintendent, Tawn Foltz, the NHHS principal, and Garry Jacobs, the NHHS assistant principal.  *Id.* at 2-3.  Plaintiff's Second Amended Complaint very clearly alleges that her claims are brought against Levett, Foltz, and Jacobs in their official capacities.  *See* doc. 76 at 1, 2-3,

4

10, 19.  The School Official Defendants filed an admittedly procedurally improper Motion to Dismiss that complaint, doc. 81, which the Court re-construed as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  See doc. 121 at 4; *see also* Fed. R. Civ. P. 12(i) (defendant may request decision on defenses raised by pleading prior to trial).  The re-construed motion requests dismissal of all remaining claims and, among other arguments, raises concerns with the official capacity claims.  *See generally* doc. 122.

After the School Official Defendants filed their initial motion, Plaintiff sought leave to "fix a mistake" to sue them in their individual capacities instead.  Doc. 101.  The Court denied her request.  Doc. 117 at 11.  The District Judge also instructed her to "show cause as to whether she intends to pursue her official capacity claims against the School Official Defendants."  Doc. 121 at 5.  That Order made clear that, "if Plaintiff does not intend to pursue her official capacity claims against the School Official Defendants, there would be no remaining claims pending before this Court."  Doc. 121 at 5.  Plaintiff has responded, emphatically if untimely, that she does intend to pursue her claims against the School Official Defendants in their official capacities.  *See* docs. 123 at 10, 126

at 2, 134 at 1-2, 138 at 1-2.[2]  That is enough to satisfy her obligation to show cause.  The implications of that intention are discussed in more detail below.

Plaintiff did not timely object to the Report and Recommendation recommending dismissal of the GDOE, *see* doc. 117, did not timely respond to the District Judge's Order to Show Cause, *see* doc. 121 at 5-6, and did not timely respond to the School Official Defendants' reconstrued Motion to Dismiss, doc. 122.  She has filed a flurry of documents explaining why.  *See* docs. 125, 129, 130, 132.  She has also filed an untimely objection to the Report and Recommendation, doc. 123, an opposition to the GDOE's already-granted motion to dismiss, doc. 124, a

---

[2] Plaintiff has more recently filed a document which contends that "she will keep her lawsuit using Official Capacity and Individual Capacity too, because she has been learning that she has two situations." Doc. 145 at 2.  She is foreclosed from pursuing any claims against the School Official Defendants in their individual capacities.  *See* doc. 118 at 8-11; *see also* doc. 121 at 5.  She has not made any legal or factual argument why the Court's prior Order denying her request to amend ought to be reconsidered.  *See* doc. 145.  Moreover, her contention that she "will keep her lawsuit using . . . Individual Capacity too" is in direct contrast to her prior submissions that specifically disclaimed those claims.  *See, e.g.*, doc. 131 at 3 ("CLARIFICATION DEFENDANTS IN CASE CV420-139 ARE IN THEIR OFFICIAL CAPACITY IN ANY MATTER.   Therefore, Plaintiff request the Honorable Judge to dismiss document # 101 [Motion to Fix a Mistake].").  Any request to add individual capacity claims against the School Official Defendants is **DENIED**.  Doc. 145 at 2; *see also* doc. 143-1 at 37-38.  *Cf. In re Engle Cases*, 767 F.3d 1082, 1109-09 (11th Cir. 2014) ("leave to amend may appropriately be denied . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed . . . .")

belated response to the District Judge's Order to Show Cause, docs. 126 & 131, and untimely responses to the School Official Defendants' motion, docs. 143 & 145. She also seeks to seal most of the docket. Doc. 141. It is now time to wade through those filings.

## II.   ANALYSIS

### A.   Motion to Seal

The Court will first address Plaintiff's latest motion, which seeks sealing of the "[e]xhibits and attachments" contained in at least 38 docket entries. Doc. 141 at 1; *but see id.* at 2 (identifying another docket entry to be sealed). She claims that she "was not aware that her case was open to public records until April 20, 2022," and would now like to protect "details about NHHS students and SCCPSS teachers and employees mentioned in Plaintiff's case" and "the doctors and Plaintiff['s] medical records to be protected . . . ." *Id.* at 2. She seeks "no public access to her Exhibits and Attachments and details that she had filed in her case." *Id.*

Defendants "do not object to the sealing or redaction of any documents that contain confidential information, sensitive personal identifies, such as social security numbers, or student names or student records protected by the Family Education Rights Privacy Act (FERPA)."

7

Doc. 144 at 2. However, they also note that, to the extent Plaintiff's filings only discuss "events that occurred at a school in the presence of students generically, but do not disclose the names of particular students or other education records protected by [FERPA]," those filings need not be sealed. *Id.*

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, [cit.], and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the

common law right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).

Part of the problem in determining whether the plaintiff seeks to seal "judicial records" is that she wants the Court to seal most of the documents she has filed in this case, including at least 38 individual docket entries.  *See* doc. 141 at 1; *see also* doc. 142 (requesting "the confidentiality of my case").  At least some of the documents at issue, then, are "judicial records" presumed to be open to the public.  *See, e.g.,* docs. 1 (Complaint); 5 (Amended Complaint); 22 (Motion to Amend Complaint); 29 (Amended Complaint); 39 (Motion to Add Defendants); 62 (Objection to Report and Recommendation).

A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause.  *Callahan*, 17 F.4th at 1363.  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the

information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiff first seeks to seal "details about NHHS students and SCCPSS teachers and employees mentioned in Plaintiff's case." Doc. 141

at 2.  However, as defendants recognize, not every generic mention of "students" or other faculty members warrants sealing the record. Plaintiff has not identified personal information about any specific student or teacher in the record that requires sealing.  To the extent she wants the entire record sealed, she has not met the high burden necessary to overcome the presumption of public access.  *See Chicago Trib.*, 263 F.3d at 1311 ("Where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive and privileged and those that are not, it must be shown that the denial of access is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.")

Plaintiff also seeks to seal her own personal medical records.  Doc. 141 at 2.  While materials containing medical information may be permissibly sealed, the party seeking to seal them must justify that treatment.  *See, e.g., Wilson v. Costco Wholesale Corp.*, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018) ("While the Court is aware that medical records contain sensitive and personal information, that alone does not warrant depriving the public of access to filings from judicial proceedings, which are presumptively public." (citations omitted)).  Plaintiff does not

11

specifically identify where in the record she contends her sensitive medical information might be; instead, she points to almost all her filings in this case.  Doc. 141 at 1; *see also id.* at 2 (apparently seeking to permanently seal all exhibits and attachments she has filed in this case).

While Harper may have filed some materials that could be properly sealed, without more detailed information identifying the specific information at issue, and more detailed argument explaining why it should be sealed, the Court cannot conduct the required analysis. Therefore, Plaintiff's Motion to Seal is **DENIED**. Doc. 141.  If she wishes to renew her motion, she must file **ONE SINGLE DOCUMENT** identifying the specific information, by docket number and page number, to be sealed and explaining why each piece of identified information is subject to sealing.  Unless she contends that a particular filing includes nothing but confidential information, it is not sufficient for her to simply list the docket entries which she desires to seal—the controlling law demands more.

**B.    Plaintiff's Belated Opposition to the GDOE's Motion to Dismiss and Objection to the Prior Report and Recommendation**

Next, Plaintiff's belated opposition to the GDOE's Motion to Dismiss, including her untimely objection to now-adopted Report and Recommendation, must be addressed.   The GDOE filed its Motion to Dismiss Plaintiff's Second Amended Complaint on August 5, 2021.  Doc. 80.   After seeking an extension of time to respond, Harper filed her response.  Doc. 89 (entered November 15, 2021).   On February 24, 2022, the undersigned issued a Report and Recommendation recommending that the Motion to Dismiss be granted.  Doc. 117.  Objections were due by March 10, 2022.  *Id.*  Plaintiff did not file an objection within that time. *See generally* docket.  After the objections period expired, on March 23, 2022, the District Judge entered an Order granting the GDOE's Motion to Dismiss.  Doc. 121.  Then, over two weeks after the District Judge's Order, and about a month after the expiration of her objections period, Harper filed an "Objection to the Final Report and Recommendation," doc. 123, an "Opposition to Defendant Georgia Department of Education Objection to Final Report and Recommendation," doc. 124, what appears to be belated briefing related to her now-denied Motion to Amend and the

13

GDOE's now-granted Motion to Dismiss, couched as a "Motion to Add a Good Cause Explanation," doc. 125, an "Answer" to the prior Order, doc. 126, and a document titled "Casual Statements" which attempts to explain why she did not timely respond to various filings, doc. 129.

As part of her explanation as to why she failed to timely respond, she claims that she did not receive a copy of the prior Report and Recommendation until after she received copies of the defendants' objections. *See, e.g.*, doc. 129 at 1. However, the Court's docket reveals that a copy was mailed to her the same day it was docketed. *See* docket entry dated February 24, 2022.[3] The Federal Rules of Civil Procedure provide that service of papers, other than pleadings, may be accomplished by mailing the paper to the party. *See* Fed. R. Civ. P. 5(b)(2)(C); *see also* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear."). The Rules are explicit that service by mail "is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The Court of Appeals has expressly

---

3 The docket entry reflecting the Clerk's service of the Report and Recommendation in question is currently sealed. Since the Clerk's mailing is directly relevant to Harper's requested relief, the Clerk is **DIRECTED** to **UNSEAL** that docket entry.

held that the Rules "deem[ ] mailing of such notices by the clerk to be notice to a party, *whether or not the notice is actually received or actually noticed by the party*." *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (emphasis added); *see also Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 896 (11th Cir. 2007) ("[B]ecause service was complete upon mailing, the district court did not violate [a pro se party's] constitutional rights by failing to ensure that she received [a show-cause] order in a timely fashion . . ."). Not only was the prior Report and Recommendation served on Plaintiff, but she also admits that she had actual notice of it by March 12, 2022, over ten days before the Court entered the Order adopting that Report and Recommendation. *See* doc. 129 at 1.

To the extent Plaintiff challenges the ultimate disposition of the GDOE's Motion to Dismiss, the Court liberally construes her filings as a Motion for Reconsideration of the Order granting that motion. *See Castro v. United States¸* 540 U.S. 375, 381 ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). "Reconsideration of a previous order is an extraordinary

remedy, to be employed sparingly." *Geyser v. Brown*, 2020 WL 2067426, at * 1 (S.D. Ga. Apr. 29, 2020) (Hall, C.J.) (quotes and cite omitted). The moving party must present "'facts or law of a strongly convincing nature'" before such a motion is granted. *Id.* (emphasis added) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)). Harper's filings present neither facts nor law that suggest the prior decision was erroneous; instead, she focuses on excuses for why she failed to interpose her responses and objections at the appropriate time. *See generally* docs. 123, 124, 125, 126, 129. The prior decision should not be disturbed, and Harper's filing, reconstrued as a motion for reconsideration, should be **DENIED**. Doc. 125.

## C. School Official Defendants' Motion to Dismiss

The Court now turns to the School Official Defendants' substantive motion to dismiss. Doc. 122.[4] They argue that Plaintiff's operative complaint "suffers from many of the same deficiencies that made her

---

[4] Defendants first raised their defense of improper service in their answers. *See* docs. 77, 78 & 79. They then filed their motion to dismiss. *See* doc. 81. By including the defense in their answers, they did not waive their Rule 12(b)(5) argument. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii); *see also* doc. 121 at 3-4 (discussing reconstruction of procedurally improper motion to dismiss, and citing *Parfitt Way Mgmt. Corp. v. GSM By Nomad, LLC*, No. 8:17-CV-0299 (GTS/CFH), 2018 WL 2364287, at *3 (N.D.N.Y. May 24, 2018) ("[A] post-answer motion for insufficient service of process is permissible where the defense has been asserted in the answer.")).

prior complaints impermissible shotgun pleadings, and it should be dismissed . . . ." *Id.* at 2. They also argue that since the Second Amended Complaint names them only in their official capacities, it is a suit against the School District which has already been dismissed for improper service, and is therefore subject to dismissal on those same grounds. *Id.*

Plaintiff was expressly given fourteen days to respond to the School Official Defendants' reconstrued motion. *See* doc. 121 at 5-6. Her deadline ran on April 6, 2022. On April 11, 2022, she filed a "Notice of Extension of Time and Motion to Admit Plaintiff Answers and Opposition to Defendants' Documents 120 and 122." Doc. 130. In it, she explains that she left her copy of the Defendants' motion on a small table and then forgot about it until it was too late. *Id.* She also explains that her forgetfulness is linked to her being ill with a "terrible headache." *Id.* at 2. She ultimately filed her response to the School Official Defendants' motion on May 2, 2022. Doc. 143.

Retroactive extensions are prohibited by the Federal Rules, except in cases of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the

party failed to act because of excusable neglect."). The Court is entitled to refuse to accept out of time filings when the late party does not make the requisite showing. *See Mosley v. MeriStar Management Co., LLC*, 137 F. App'x 248, 250 (11th Cir. 2005) ("Absent an affirmative showing by the non-moving party of excusable neglect according to Fed. R. Civ. P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time [responses]."). The Eleventh Circuit has approved a district court's refusal to consider an untimely opposition to a dispositive motion even when it is only four days late and filed by an individual proceeding *pro se*. *Id.* While the Court is sympathetic to Plaintiff's illness, it is not clear that forgetfulness, even when caused by severe headaches, is the type of excusable neglect contemplated by the Rules. *See, e.g.*, *Brown v. Devos*, 2020 WL 5892017, at *1 (M.D. Fla. Oct. 5, 2020) ("Typically, illness, by itself, will not support a finding of excusable neglect." (internal citation and quotation omitted)); *see also* doc. 140 at 22-24 (School Official Defendants' opposition to Harper's requested leniency). While Harper is proceeding *pro se*, she must nonetheless conform to procedural rules, including deadlines. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999), *overruled*

18

*on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (quotation omitted)).   Her motion seeking a retroactive extension of time is, therefore, **DENIED**.  Doc. 130.

Even if the Court did consider Harper's responsive filings, they do not address the legal arguments made by the School Official Defendants in their motion.  *See generally* docs. 143 & 145.  Defendants seek dismissal of her remaining claims because (1) they are presented in an improper shotgun fashion, *see* doc. 122 at 6-9; and (2) they are claims against the School District, which has already been dismissed for improper service, *see id.* at 9-13.  Her filings, while generally asking that her complaint not be dismissed, *see, e.g.*, doc. 143 at 4 ("Plaintiff requested the Honorable Judge not to dismiss her case."); doc. 145 at 4 ("Respectfully, Honorable Judge Plaintiff requests you not to dismiss her amend[ed] complaint."), do not directly refute these two arguments with citations to relevant legal authority.  *See generally* docs. 143 & 145.  Instead, she continues to explain why she has not timely responded to motions or complied with Court directions and presents additional

factual allegations and argument about the merits of her underlying claims. *Id.*

However, before the parties can turn to the merits of Harper's claims, the Court must first analyze the School Official Defendants' arguments for dismissal. First, the Court will address the improper service issue, since service of process is a threshold jurisdictional question. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (explaining that service of process is a jurisdictional requirement). Defendants argue that any claims against them in their official capacity are improper since the Board of Public Education for the City of Savannah and County of Chatham (which Plaintiff originally sued as the Savannah-Chatham County Public School District) (the "School Board")[5] has been dismissed for improper service. Doc. 122 at 9-13; *see*

---

[5] The School Official Defendants explain that "The Board of Public Education for the City of Savannah and the County of Chatham" is "the formal legal name for the body corporate responsible for public education (a school district) in the City of Savannah and the County of Chatham," and that it is distinct from its "governing body, the elected School Board." Doc. 122 at 1, n. 1 (citing, *inter alia*, *Bacon v. Board of Pub. Educ. For City of Savannah & Cty. Of Chatham*, 141 S.E. 811, 812 (Ga. 1928)). While they use "the District" to refer to that entity, for consistency among the Court's prior Orders, it will continue to use the term "School Board." For purposes of this Order and Report and Recommendation, the two phrases refer to the same entity.

*also* doc. 73 at 8 (granting the School Board's motion to dismiss for improper service).

As Defendants' correctly note, the official capacity claims against them are actually claims against the entity that they represent, the School Board.  Doc. 122 at 9-10.  The Eleventh Circuit has explained, "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (internal citations and quotations omitted).  The same applies to claims of employment discrimination brought under Title VII, *see, e.g.*, *Wheeles v. Nelson's Electric Motor Servs*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008), and the ADA, *see, e.g.*, *Clifton v. Georgia Merit System*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007).

The School Board was originally named as a defendant in this case and moved for dismissal for improper service.  *See* doc. 11 at 3-6.  The Court granted its motion and dismissed it from this case.  *See* doc. 73 at 8.  In that same Order, the Court directed Harper to file "a new amended complaint" and instructed that it should be brought "against only the remaining defendants," including Levett, Foltz, and Jacobs, but not

including the School Board. *Id.* at 13. Harper filed her amended complaint, naming Levett, Foltz, and Jacobs in their official capacities. Doc. 76. As discussed above, her official capacity claims are all that remain. Now, the School Official Defendants argue that these remaining claims "should be dismissed for improper service, just as her suit against [the School Board] was." Doc. 122 at 11. They contend that any other result would allow her to "circumvent Federal Rule of Civil Procedure 4(j) and this Court's own orders by changing her claims against Levett, Foltz, and Jacobs to official capacity claims in an effort to bring the [School Board] back into this case." *Id.* at 12-13.

The District Judge has already declined to dismiss Harper's official capacity claims against the School Official Defendants as redundant, "because the School Board has been dismissed as a defendant in this case." Doc. 73 at 9 (citing *Busby*, 931 F.2d at 776). Their argument presented in the motion to dismiss alters that analysis. They argue, not only that the claim should be dismissed as redundant (an issue they do retread, *see* doc. 122 at 10), but that improper service of the School Board, which was fatal to Harper's claims against it, also taints her official capacity claims against the School Board officials. *Id.* at 11. Therefore,

22

they argue that the remaining claims should be dismissed pursuant to Federal Rule of Civil Procedure 4(j), which governs service of governmental entities. *Id.* at 11 (citing *Horton v. Maldonado*, 2014 WL 6629743, at *3 (N.D. Ga. Nov. 21, 2014), for the proposition that officers sued in their official capacity must be served in the same manner as cities under Rule 4(j)(2)).

Plaintiff submitted proofs of service of her first amended pleading on each of the School Official Defendants. *See* doc. 73 at 2. Defendants do not argue that she failed to serve them; instead, they argue that her service on them, individually, is not sufficient to cure the defects in service against the School Board which led to its dismissal. Doc. 122 at 11. As the defendants acknowledge, the Court has already considered whether service, as least as to Levett, could constitute effective service on the School Board and determined that it could not. *Id.* (citing doc. 61 at 9, n. 3). She should not be able to use her individual service of the School Official Defendants to bring the School Board back into this case. *See Guzman v. City of Hialeah*, 2017 WL 9440579, at *2 (S.D. Fla. Aug. 18, 2017) ("Plaintiff cannot utilize [official capacity claims against officers] to overcome the defects of her claim against the City."). The

School Official Defendants' Motion should, therefore, be **GRANTED**. Doc. 122.

### D.    Plaintiff's Remaining Motions

Plaintiff has filed what she captions as a "Motion to Add Notarize Affidavits to Order," doc. 133, and a "Motion of Explanation and Apologize about Notice of Filing Deficiency and to Add the Notarized Affidavits," doc. 137.  In these motions, she explains why she originally filed documents, captioned as affidavits, without signatures.  *See* docs. 133 (explaining why "she filed the affidavit without a notary seal") & 137 (asking the Court to "excuse [her] for sending [the Court] two affidavits without signature").  These filings appear to be a response to the Clerk's Notice of Filing Deficiency, which instructed Harper that her filing was deficient for not being signed but afforded her fourteen days to correct it. *See* doc. 128.  Since it appears Harper filed her signed affidavits within that fourteen-day window, *see* docs. 132 & 134; *see also* docs. 138 & 139 (apparent duplicates), her motions are unnecessary.  Therefore, they are **DISMISSED**, as moot.  Docs. 133 & 137.

Plaintiff has also filed a "Motion to Apologize," in which she apologizes for misspelling the District Judge's name and for mailing

documents to the defendants a day late.  Doc. 136.  While the Court appreciates her apologies, they are unnecessary.  This motion is also **DISMISSED**, as moot.  Doc. 136.

## III.   CONCLUSION

Plaintiff's Motion to Seal is **DENIED**.  Doc. 141.  Plaintiff's request to amend to add individual capacity claims is **DENIED**.  Doc. 145 at 2. Plaintiff's request for a retroactive extension of time is **DENIED**.  Doc. 130.   Plaintiff's  reconstrued  motion  for  reconsideration  should  be **DENIED**.  Doc. 125.  Defendants' motion to dismiss, as reconstrued, should be **GRANTED**.  Doc. 122.  Plaintiff's motions at docket entries 133, 136, and 137 are **DISMISSED**, as moot.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 24th day of May, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA