IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARACELI DIAZ HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV420-139 |
| ) | |
| M. ANN LEVETT, ED. D., TAWN ) | |
| FOLTZ, and GARRY JACOBS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## O R D E R

Before the Court is the Magistrate Judge's May 24, 2022, Report and Recommendation. (Doc. 147). Plaintiff has responded by filing a "Motion for Reconsideration," (Doc. 153) which the Court construes as her objection to the Magistrate Judge's recommendation. See 28 U.S.C. § 636(b)(1); see also Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). The remaining Defendants have responded to Plaintiff's objections (Doc. 154), and Plaintiff has replied (Doc. 155). After a careful review of the record,[1] the Report and

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv.,

Recommendation (Doc. 147) is **ADOPTED** as the Court's opinion in this case.

## ANALYSIS

The Magistrate Judge recommends that the School Official Defendants' Motion to Dismiss be granted. (Doc. 147 at 23-24.) Although Plaintiff's response to the Motion to Dismiss was untimely, the Magistrate Judge reviewed all of her voluminous filings and determined that Plaintiff failed to address the legal arguments the School Official Defendants made in their motion. (Id. at 19.) Therefore, his ultimate recommendation for dismissal was based, not on her failure to timely respond, but on the merits of the School Official Defendants' arguments.

Similarly, Plaintiff's new filings do not rebut the legal arguments made by the defendants or the recommendation made by the Magistrate Judge. (See generally Docs. 153, 155.) Instead, Plaintiff continues to explain why her filings have not been timely. (Id.) However, despite those filings being untimely, the Magistrate Judge reviewed their contents to parse out any potential legal theory Plaintiff might have presented to rebut the School Official Defendant's motion. (Doc. 147 at 19-20.) Therefore, her various excuses are irrelevant to the underlying merits-based

---

Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

recommendation, which is that Plaintiff failed to properly serve the School Official Defendants in their official capacities. (Id. at 23-24.) Accordingly, the Court **ADOPTS** the report and recommendation (Doc. 147) and **GRANTS** the School Official Defendants' motion to dismiss (Doc. 122).

Plaintiff also continues to express confusion over individual capacity claims and official capacity claims. (Doc. 153 at 8; Doc. 155 at 9-11; Doc. 164 at 1.) She seeks to amend her claims to "only Individual Capacity for Defendant M. Ann Levett Ed.D., Tawn Foltz and Garry Jacobs[.]" (Doc. 153 at 2.) Yet, the Magistrate Judge appropriately denied Plaintiff the chance to further amend her complaint to add individual capacity claims. (Doc. 147 at 6 n.2.) Plaintiff's Motion to Add the Civil Case Alleging Negligence and the Individual Capacity (Doc. 164) is therefore **DENIED**.

Additionally, Plaintiff has not offered any legal argument to rebut the Magistrate Judge's recommendation that her filing, construed as a motion for reconsideration of this Court's order granting the Georgia Department of Education's Motion to Dismiss, ought to be denied. (See Doc. 147 at 16; see generally Docs. 153, 155.) The Report and Recommendation's analysis is reasoned and appropriate. Accordingly, the Court **ADOPTS** the report and

recommendation (Doc. 147) and **DENIES** Plaintiff's construed motion for reconsideration (Doc. 125).

Finally, Plaintiff has filed a renewed Motion to Seal. (Doc. 158.) The Magistrate Judge denied her initial attempt to seal the entire record and directed her to file one single document identifying the specific information by docket number and page number that she seeks to seal along with a "more detailed argument explaining why it should be sealed." (Doc. 147 at 12.) Her renewed request does not comply with that direction. (Doc. 158.) She seeks to seal "the exhibits and attachments of the filed Documents" filed at docket entry one. (Id. at 1.) However, she does not explain, other than generally identifying "NHHS students mention[ed] in Plaintiff's case," what information she seeks to protect and why it is subject to protection. Therefore, Plaintiff's motion could be denied outright. See Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1363 (11th Cir. 2021).

In the School Official Defendants' response to the motion to seal, they identify more particularly what Plaintiff might be trying to protect from public access. (Doc. 163 at 2-3.) According to the School Official Defendants, Plaintiff's attachments to her initial filings contain references to student names. (Id.) The Court's own independent review confirms that these Docket entries do contain personally identifiable information of minor students. Therefore, Plaintiff's Motion to Seal (Doc. 158) is **GRANTED IN**

**PART** to the extent that it requests sealing those documents containing personally identifiable information about minor students, but **DENIED IN PART** to the extent she seeks sealing the entire record in this case. The Clerk is **DIRECTED** to maintain Doc. 1, Attachs. 3, 4, 5 **UNDER SEAL** until further Order of the Court.

## CONCLUSION

For the foregoing reasons, the May 24, 2022, Report and Recommendation (Doc. 147) is **ADOPTED** as the opinion of this Court. As a result, the School Official Defendants' Motion to Dismiss (Doc. 122) is **GRANTED**. Accordingly, Defendants M. Ann Levett, Ed. D., Tawn Foltz, and Garry Jacobs are **DISMISSED** from this action.

Additionally, the Plaintiff's construed motion for reconsideration (Doc. 125) is **DENIED**. Plaintiff's Motion for Reconsideration (Doc. 153) was properly construed not as a motion, but as an objection to the Report and Recommendation, so the motion is **DENIED AS MOOT**. Plaintiff's Motion to Add the Civil Case Alleging Negligence and the Individual Capacity (Doc. 164) is also **DENIED**. Finally, Plaintiff's Motion to Seal (Doc. 158) is **GRANTED IN PART** and **DENIED IN PART**. Based on the foregoing, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 26th day of August 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA